OPINION OF THE COURT
Bruce J. Gould, J.
Respondent moves to dismiss this summary holdover proceeding brought for breach of a rent-stabilized lease on the *640 grounds that the notice of termination (1) does not explicitly state that respondent failed to cure the conduct alleged within the notice of cure (it could be argued that it was inherent in the termination notice), (2) the notice of termination failed to allege objectionable conduct subsequent to the cure date, and (3) thereby petitioner’s pleadings constituted an admission that the alleged conduct was cured.
The allegations are serious and in some instances specific, including: on numerous occasions that respondent physically attacked and assaulted other tenants, including a named tenant on December 20, 1993 and other named tenants in December 1993 and January 1994. On or about February 9, 1994 respondent scratched/slapped the landlord’s principal George Papas in her apartment.
The notice of termination gives a date the tenancy is terminated relying on "the reasons set forth in the notice to cure”.
Respondent’s position is that: "The Notice of Termination, however, can and must allege incidents that occurred subsequent to the deadline in the Notice to Cure since these incidents underlie Petitioner’s allegation that respondent failed to cure.” (Respondent’s reply memorandum of law, at 2.)
Petitioner asserts: "Counsel misses the thrust of the 'breach of lease’ holdover. There is no requirement that new misconduct be alleged. It is sufficient that the misconduct was not cured prior to the service of a Notice to Terminate.” (Affirmation in opposition, j[ 7.)
The applicable provision of the Rent Stabilization Code (9 NYCRR parts 2520-2530) relied on by petitioner allows recovery of possession after service of a section 2524.2 termination notice upon the ground the wrongful acts of the tenant are established that: "The tenant is violating a substantial obligation of * * * tenancy * * * and has failed to cure such violation after written notice by the owner that the violations cease within 10 days; or the tenant has willfully violated such an obligation inflicting serious and substantial injury upon the owner within the three-month period immediately prior to the commencement of the proceeding.” (Rent Stabilization Code [9 NYCRR] § 2524.3 [a] [emphasis added].)
The alleged injury to the landlord’s principal having occurred four months prior to the commencement of the proceeding, the latter portion of that section is inapplicable.
*641 There is no equivocation by petitioner, they are not relying on the tenant’s commission of a nuisance, which are grounds, if proven, under Rent Stabilization Code § 2524.3 (b) for a tenant’s removal.
Petitioner relies on respondent’s failure to cure after service of the 10-day notice, but fails to allege any factual basis that respondent continued such disruptive and injurious conduct. "A notice to cure is not a mere formality to a termination of a tenancy. A tenant has a valuable right to the occupancy of his [sic] apartment. Before he [sic] may be deprived of that right due to a wrongful act, he [sic] must be given an opportunity to cure that wrongful act”. (Warburton Hous. Assocs. v Griffin, NYLJ, Apr. 6, 1989, at 32, cols 1, 2 [Yonkers City Ct].)
The court is persuaded by the reasoning of McGregor Arms Realty Co. v Bowie (NYLJ, Dec. 12, 1990, at 25, col 5 [Civ Ct, Richmond County]) and Dealmeida v Cabreiro (NYLJ, Mar. 8, 1989, at 27, col 5 [Yonkers City Ct]) that the predicate notice of termination is defective for lack of factual allegations that the course of conduct complained of continued beyond the cure period.
Judge Callender reached the same conclusion in David Realty v Greenberg (Civ Ct, Kings County, July 28, 1994, index No. 77367/94): "this court grants the respondent’s motion to dismiss the petition because the notice of termination fails to state with specificity and particularity facts that constitute the misconduct or breach that occurred subsequent to the notice to cure.”
In the instant proceeding no facts whatsoever are set forth in the notice of termination as to respondent’s conduct during or after the cure period. The issue is not the inadequacy of the factual allegations, but the total absence of any factual allegation that: "and [tenant] has failed to cure such violation after written notice by the owner that the violations cease within 10 days”. (Rent Stabilization Code § 2524.3 [a] [emphasis added].)
It is of no moment that had this proceeding been brought under Rent Stabilization Code § 2524.3 (nuisance), which it explicitly was not, that it would appear that a different result should ensue, for: "It is well-settled that a notice to cure is not required where it is alleged that the tenant is committing a nuisance. 72nd Street Partners v. Otis, NYLJ 4/17/93, p. 24, col. 3 (App. T., 1st Dep’t).” (Garfield v O’Donnell, NYLJ, June 8, 1994, at 24, col 5 [Civ Ct, NY County].)
As held in Chinatown Apts. v Chu Cho Lam (51 NY2d 786, *642 788 [1980]): "Inasmuch as service of a proper notice of intention to terminate occupancy was a condition precedent to the termination of the tenancy under the lease, the deficiency in the notice deprived petitioner of a predicate for reclaiming possession of the premises.” The petition is dismissed.