■ HUDSON ASSOCIATES, Respondent-Appellant, v ERNST BENOIT, Appellant-Respondent. [640 NYS2d 540] —Order of the Supreme Court, Appellate Term, First Department, entered July 13, 1994, which reversed an order of the Civil Court, New York County (Bruce Gould, J.), entered July 19, 1991, granting petitioner a final judgment of possession of the subject premises, and dismissed the underlying holdover proceeding, unanimously affirmed, without costs.

---

The landlord contends that the trial court's decision was supported by substantial evidence establishing an illegal sublet. The only evidence of an illegal sublet was testimony about a single incident on October 11, 1987, when a person other than the tenant was found in the apartment. This evidence is not even technically relevant to the issue of an illegal sublet. The landlord's case was weak on this issue because it was only a fallback position. The landlord basically tried its case on primary residence but lost on that issue at the Appellate Term, a determination with which we agree, because of its failure to serve the requisite prior notice (see, Golub v Frank, 106 AD2d 259, affd 65 NY2d 900).

Even if we were to agree with the landlord that the evidence that the tenant had illegally sublet the premises was sufficient, there is no showing of the latter's failure timely to cure. In a summary holdover proceeding to recover possession upon the ground of an illegal sublet, the landlord is required to prove as part of its prima facie case that a notice to cure was served and that the tenant has failed to cure. (Rent Stabilization Code [9 NYCRR] § 2524.3 [a].) In the instant case, the notice called for a cure of the alleged breach by February 28, 1990. The evidence fails to show who occupied the apartment after 1987, much less after February 28, 1990. The only other evidence on that score was testimony of a single visit to the apartment in January 1990, when the same witness for the landlord as had been there on October 11, 1987 found a "different" person in the apartment. Again, this was before the expiration of the cure period. On such a record, the Appellate Term correctly dismissed the petition. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.