OPINION OF THE COURT
Per Curiam.
Order, dated December 17, 2013, affirmed, with $10 costs.
This summary holdover proceeding was properly dismissed on tenant’s motion. Landlord’s failure to serve a notice to cure as required by section 2524.3 (a) of the Rent Stabilization Code (RSC) (9 NYCRR) was fatal to its possessory cause of action based on allegations that the tenant illegally sublet the apartment premises (see Hudson Assoc. v Benoit, 226 AD2d 196 [1996]).
We reject, as did Civil Court, landlord’s claim that Rent Stabilization Code §§ 2524.3 (h) and 2525.6 (c) and (f) permit it to terminate the tenancy without service of a notice to cure in this case, where it is alleged that the tenant sublet the apartment for more than two out of four years. A tenant who sublets a stabilized apartment without the landlord’s consent breaches a substantial obligation of the tenancy (see Real Property Law § 226-b [5]; RSC § 2525.6 [a]; Cutler v North Shore Towers Assoc., 125 AD2d 532 [1986]), for which a holdover proceeding will lie only after the tenant has failed to comply with a 10-day notice to cure (see Rent Stabilization Code [9 NYCRR] § 2524.3 [a]). The mere allegation that the sublet exceeded the two-year *9 limit set forth in the code (see RSC § 2525.6 [c]) does not excuse the service of a notice to cure. Unlike situations involving rent gouging or profiteering in relation to a sublet, conduct which undermines the integrity of the rent stabilization system and constitutes an incurable ground for eviction (see Matter of 151-155 Atl. Ave. v Pendry, 308 AD2d 543 [2003]; BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 91 [2002], lv dismissed 100 NY2d 535 [2003]; Continental Towers Ltd. Partnership v Freuman, 128 Misc 2d 680 [1985]), the extended duration of the sublease is not, without more, a factor sufficient to deprive the tenant of the right to cure.
Schoenfeld, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.