OPINION OF THE COURT
Michael L. Weisberg, J.
This is a holdover summary eviction proceeding premised on the claim that respondent has sublet or assigned his rights of occupancy to his rent-stabilized apartment to other named individuals without permission of the landlord. Petitioner served a notice to cure alleging facts in support of its claim and requiring respondent to cure by a date certain. It then served a notice of termination, dated two days after the last day of the cure period, alleging that respondent failed to comply with the notice to cure. Petitioner has moved for an order dismissing respondent’s first through fourth affirmative defenses and granting it leave to conduct discovery. Respondent has cross-moved for an order dismissing the petition for failure to state a cause of action, or in the alternative, for an order of protection limiting discovery.
Respondent’s argument that the petition fails to state a cause of action comprises two claims: (1) that the notice was not served between 90 and 150 days prior to the expiration of the lease term; and (2) that the termination notice is insufficient because it does not allege facts to support the claim that respondent failed to comply with the notice to cure.[1] As to the first claim, the court will not dismiss the petition based on the lack of, in effect, a notice of non-renewal. Petitioner has not sought to deny lease renewal based on non-primary residence, but instead has alleged sublet or assignment. Petitioner’s burden at trial would be to prove sublet or assignment. Were it to prove non-primary residence but not prove the elements of sublet or assignment, it would not prevail at trial (see South Pierre Assoc. v Baron, 10 Misc 3d 143[A], 2006 NY Slip Op 50095 [U] [App Term, 1st Dept 2006] [affirming dismissal of illegal sublet holdover where evidence only demonstrated non-primary residence, not sublet]). The fact that petitioner’s al *598 legations might also support a claim for non-primary residence does not require that petitioner actually serve a notice of non-renewal.
As to the second claim, that the notice of termination is insufficient because it does not allege facts to support the claim that respondent failed to comply with the notice to cure, respondent is correct that the notice is bereft of any such facts. It incorporates by reference the allegations contained in the notice to cure and simply alleges that respondent “failed to comply with the notice to cure.” The notice to cure required respondent to cure its default under the lease on or before October 13, 2015. The notice of termination is dated October 15, 2015. It does not contain any factual allegations in support of petitioner’s conclusion that as of one day earlier respondent continued to sublet the apartment.
Respondent does not cite any cases directly on point as to the requirements of a notice of termination. It does cite Hudson Assoc. v Benoit, in which the Appellate Division held that in an illegal sublet holdover “the landlord is required to prove as part of its prima facie case that a notice to cure was served and that the tenant has failed to cure” (226 AD2d 196, 197 [1st Dept 1996]). Petitioner does not cite any cases directly on point, either. In fact, petitioner limits itself to addressing the sufficiency of the allegations contained in the notice to cure (which was not briefed by respondent) and does not specifically address respondent’s argument that the notice of termination must contain facts to support its claim that the sublet was not cured.
The only case the court was able to locate directly on point is Hew-Burg Realty v Mocerino (163 Misc 2d 639 [Civ Ct, Kings County 1994]). As here, the landlord in Hew-Burg served a notice of termination alleging that the tenant had failed to cure as required by the previously served notice, but the notice of termination did not include any facts to support the claim that the tenant continued the complained of conduct. The court dismissed the petition, holding that, in the absence of supporting facts, the notice failed to comply with requirements of the Rent Stabilization Code. In so holding the court cited David Realty v Greenberg (cited therein as: Civ Ct, Kangs County, July 28, 1994, index No. 77367/94), which this court could not locate. According to the Hew-Burg court, the court in David Realty wrote, “this court grants the respondent’s motion to dismiss the petition because the notice of termination fails to *599 state with specificity and particularity facts that constitute the misconduct or breach that occurred subsequent to the notice to cure” (id. at 641).
These decisions from over 20 years ago notwithstanding, it is common practice in New York City summary eviction proceedings for termination notices to contain the conclusion that a tenant has failed to cure in accordance with a previously served notice to cure, but also for those notices to omit any factual allegations supporting such a conclusion. Whether or not the law requires these facts in a notice of termination, there can be no dispute that no notice of termination should be served unless a landlord has determined that the tenant has in fact failed to cure within the specified time period. Service of a notice of termination should not be an automatic activity, triggered merely by an email reminder or other tickle informing the landlord or its attorney that the cure period has expired and that the next step before a petition can be served is service of another predicate notice.
Here, it does not escape attention that the notice of termination is dated only two days after the date by which respondent was required to cure (cf. 31-67 Astoria Corp. v Landaira, 54 Misc 3d 131 [A], 2017 NY Slip Op 50034[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [favorably citing Hew-Burg Realty v Mocerino and noting that the notice of termination was served one day after the cure period expired]). If this were a proceeding based on the claim that the tenant was harboring a dog in violation of his lease, a two-day gap between the expiration of the cure period and the date of the termination notice might not be surprising. One can easily imagine that the day after expiration of the cure period a building employee might hear the dog barking behind the apartment door or might see the tenant returning to the apartment with the dog after having walked it, thus enabling the landlord to quickly determine that the tenant did not remove the dog from the apartment.
But it is surely more difficult to determine whether a tenant has cured a sublet within only a day or two of the expiration of the cure period. Under the facts alleged here, respondent could have conceivably cured the sublet while still maintaining some residence in Connecticut (as alleged in the cure notice) and allowing other individuals to live in the apartment. The mere observation of other occupants in the apartment the day after the cure period expired (or some evidence tying respondent to *600 the Connecticut residence) would not be sufficient evidence to conclude that respondent failed to cure. In many cases, and perhaps most cases involving illegal sublet, a landlord will have to undertake further and more thorough investigation to determine whether the tenant has cured the conduct of which the landlord has complained (cf. 128 Second Realty LLC v Dobrowolski, 51 Misc 3d 147[A], 2016 NY Slip Op 50772[U], *2 [App Term, 1st Dept 2016, Shulman, J.P., concurring] [noting that certain cases require “thorough facts-investigation” before they are commenced to avoid possibility of frivolous cases]).
The “salutary purpose” of the regulation governing predicate notices is “to discourage baseless eviction claims founded upon speculation and surmise, rather than concrete facts” (London Terrace Gardens, L.P. v Heller, 40 Misc 3d 135[A], 2009 NY Slip Op 52858 [U], *1 [App Term, 1st Dept 2009]). A predicate notice served pursuant to the Rent Stabilization Code must state the facts necessary to establish the ground for eviction (see 69 E.M. LLC v Mejia, 49 Misc 3d 152[A], 2015 NY Slip Op 51765[U] [App Term, 1st Dept 2015]; Rent Stabilization Code [RSC] [9 NYCRR] § 2524.2 [b]). The facts must be pleaded with sufficient specificity: a notice containing allegations that are broad and unparticularized may be found too generic and con-clusory to satisfy the level of specificity required by section 2524.2 (b) and to enable the tenant to prepare a defense (see 69 E.M. LLC, 2015 NY Slip Op 51765[U], citing Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991]).
Requiring a landlord to actually allege the facts on which it is basing its conclusion that the tenant failed to cure its default would effectuate the regulation’s purpose of discouraging baseless eviction claims founded upon speculation and surmise. To require otherwise increases the risk that service of the notice of termination will be a mere formality, just more paperwork to be shuffled before the case can be commenced. Additionally, where the basis of a holdover proceeding is the tenant’s failure to cease its violation of a substantial obligation of the tenancy within 10 days (RSC § 2524.3 [a]), the notice of termination does not include facts with “sufficient specificity” when it only recites the “broad and unparticularized” claim that the tenant failed to cure. The landlord will not be heard to argue that it would be prejudiced by the requirement to include specific facts, because it must already be in possession of those facts before it can legally serve the notice.
*601 Finally, the court is compelled to note that there are over 900 eviction petitions filed per day in New York City Housing Court, on average.[2] Some parts regularly have 70 to 80 cases on their calendar each day, resulting in some litigants and their attorneys spending all day in the courthouse. If requiring the inclusion of supporting facts in the notice of termination relieves some of the burden on the court and the public by eliminating speculative or frivolous cases, it will have accomplished a worthwhile result.
Petitioner’s notice of termination fails to meet the requirements of the Rent Stabilization Code because it does not contain specific factual allegations in support of its conclusion that respondent failed to comply with the notice to cure. The petition therefore fails to state a cause of action and is dismissed. Petitioner’s motion is denied as moot.

. Respondent’s request for relief actually contains a third claim: that the predicate notice is insufficient as a matter of law. It is unclear if respondent intended to argue that the predicate notice is insufficient as a matter of law because of the other two claims about the notice, or if respondent intended to argue for a third basis of insufficiency. As the moving papers and annexed memorandum of law do not include any additional arguments as to the insufficiency of the notice, the court does not consider any other bases for dismissal.

. In 2015 in all five boroughs of New York City, there were 234,464 summary eviction petitions filed.