Lexington Ave. LP v Clement (2024 NY Slip Op 50987(U))

[*1]

Lexington Ave. LP v Clement

2024 NY Slip Op 50987(U)

Decided on July 25, 2024

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 25, 2024
Civil Court of the City of New York, Kings County

Lexington Avenue LP, Petitioner,

against
Dara Clement, Respondent, JOHN DOE, JANE DOE Respondents-Undertenants

Index No. 325178-23

Gutman Mintz Baker & Sonnenfeldt, PC, for the petitioner
Brooklyn Legal Services, for the respondent

Karen May Bacdayan, J.

Recitation, as required by CPLR 2219 (a) of the papers considered in review of this motion by NYSCEF Doc No: 1, 9-22.
PROCEDURAL HISTORY AND BACKGROUND
This is a holdover proceeding commenced against Dara Clement ("respondent"), a rent stabilized tenant and recipient of a Section 8 Housing Choice Voucher Program subsidy. The notice to cure served upon respondent states, "[Y]ou are permitting and/or committing a nuisance in the subject premises, or by reason of gross negligence, substantially damaging the accommodation, or your conduct is such as to interfere substantially with the comforts and safety of other tenants[.]" The notice to cure explicates that respondent has created a nuisance and breached her lease by failing to provide "proper access" to the premises and "[on] several occasions including January 16, 2023" allowing access to the premises for petitioner to abate Housing Quality Standards ("HQS") violations purportedly placed by the New York State Department of Homes and Community Renewal ("DHCR"), the administrator of respondent's Section 8 voucher, and the Department of Housing and Preservation and Development ("HPD"), but then demanding the workers leave.[FN1]
Petitioner alleges that on January 30, 2023, respondent [*2]was verbally abusive to its workers, causing them to leave the apartment. (NYSCEF Doc No. 1, at 20, notice to cure ¶ [a].) Petitioner further avers that respondent has installed a washing machine in violation of her lease, which has caused flooding in her apartment and damaged her kitchen cabinets. (Id. ¶ [b].) The notice to cure directed respondent to correct the alleged conditions by March 13, 2023. (Id., at 20.)
Respondent was subsequently served with a notice of termination, dated March 30, 2023, requiring her to vacate the premises by April 30, 2023, or face an eviction proceeding. The notice of termination adds a paragraph (c), in which petitioner states that it has received violations from HPD "due to the fact that you did dismantle, remove and dispose of the landlord's cabinetry and sink," and, "You disposed of and destroyed the landlord's property without the landlord's prior written permission or consent." Further, petitioner alleges respondent has "damage[ed] the [kitchen] countertops and cabinets by applying chemicals to the surface," thereby stripping them of their original color. (NYSCEF Doc No. 1 at 4-6, notice of termination.) Petitioner alleges, "Damage and destruction of the property is non-curable." (Id., at 5.) The notice of termination states: "The landlord has requested access after the Notice to Cure expired on March 13, 20023 (sic)," and "You failed to remove the washing machine at (sic) the Notice to Cure expired on March 13, 2023." (Id., at 4.)
Respondent retained counsel and filed both an answer and a demand for a bill of particulars on April 15, 2024. (NYSCEF Doc No. 9, answer; NYSCEF Doc No. 10, demand for bill of particulars.) Petitioner responded to the demand on June 11, 2024. (NYSCEF Doc No. 22, bill of particulars.)
Now before the court is respondent's motion to dismiss the proceeding pursuant to CPLR 3211 (a) (7) on two bases. First, respondent argues that the notices fail to state a cause of action sounding in nuisance behavior. (NYSCEF Doc No. 13, notice of motion [sequence 2].) Respondent argues petitioner nowhere pleads facts that suggest her behavior is not curable and fails to set forth the elements of a cause of action premised on nuisance, to wit, that petitioner has failed to allege a "continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct," and that petitioner has failed to plead that respondent's actions have affected the health, safety, or comfort of other residents. (NYSCEF Doc No. 14, respondent's attorney's affirmation ¶¶ 25-26 et seq. [internal quotation marks omitted].) Second, citing to 31-67 Astoria Corp. v Landaira, 54 Misc 3d 131(A), 2017 NY Slip Op 50034(U) (App Term, 2d Dept 2017), respondent argues the notice of termination is inadequate because it does not provide specific details to demonstrate that respondent failed to cure her alleged conduct by the deadline set forth in the notice to cure, or any time prior to the service of the notice of termination. (Id., ¶¶ 19-24.)
The court subsequently converted the motion to dismiss to a motion for summary judgment on notice to the parties. Neither party submitted additional papers. (NYSCEF Doc No. 21, decision and order dated May 23, 2024.)
DISCUSSION
A court may employ the drastic remedy of summary judgment only where there is no doubt as to the absence of triable issues. (Andre v Pomeroy, 35 NY2d 361, 364 [1974].) On such [*3]a motion, a court's function is to find, rather than to decide, issues of fact. (Southbridge Towers, Inc. v Renda, 21 Misc 3d 1138 [A], 2008 NY Slip Op 52418 [U] [Civ Ct, NY County 2008], citing Epstein v Scally, 99 AD2d 713 [1st Dept 1984].) Only upon a prima facie showing of entitlement to summary judgment, does the burden shift to the non-moving party to establish material issues of fact requiring a trial. (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012] [internal citations and quotation marks omitted].) "On a motion for summary judgment premised on failure to state a cause of action, the court must consider evidentiary material in addition to the pleadings in order to determine whether the plaintiff actually has a cause of action (internal quotation marks and citations omitted)." (72 Poplar Townhouse, LLC v Bd. of Managers of 72 Poplar St. Condo., 224 AD3d 645, 646 (App Div, 2d Dept 2024.) "An unfounded reluctance to employ the remedy of summary judgment only serves to swell the trial calendar and to deny other litigants the right to have their claims properly adjudicated." (Andre v Pomeroy at 364.)
In the case of rent stabilized tenancies, what constitutes a properly pleaded cause of action is informed and amplified by the statutory requirements. "Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground . . . upon which the owner relies for removal or eviction of the tenant, [and] the facts necessary to establish the existence of such ground." (Rent Stabilization Code [9 NYCRR] § 2524.2 [b] [emphasis added].) "(T)he appropriate standard for assessment of the adequacy of notice is one of reasonableness in view of all attendant circumstances." (Oxford Towers Co., LLC v Leites, 41 AD3d 144 [1st Dept 2007]; Hughes v Lenox Hill Hospital, 226 AD2d 4 [1st Dept 1996].)
Respondent's Alleged Actions Do Not Rise to the Level of Nuisance Behavior
At the outset, the court finds that petitioner's claims do not sound in incurable nuisance behavior. Courts have defined a nuisance as a "continuous invasion of rightsa pattern of continuity or recurrence of objectionable conduct (internal citations omitted)." (Domen Holding Co. v Aranovich, 1 NY3d 117 [2003], citing Frank v Park Summit Realty Corp, 175 AD2d 33, 34 [1st Dept 1991].) Generally, because the behavior is deemed so substantial and persistent as to be incapable of remediation, no opportunity to cure is required. By contrast, a holdover premised upon curable violations of an alleged breach of a substantial obligation of a rent stabilized tenancy requires a predicate notice to cure, Rent Stabilization Code ("RSC") (9 NYCRR) § 2524.3 (a), and a post-judgment opportunity to cure pursuant to RPAPL 753 (4).[FN2]

With regard to the allegation that respondent has installed a washing machine which has flooded her apartment, there is no allegation that respondent's installation of a washing machine has adversely affected other tenants. In addition to a pattern of continuity or recurrence of objectionable conduct, the tenant's conduct must be deleterious to other residents. (RSC § 2524.3 [b]; Sumet I Assocs., LP v Irizarry, 103 AD3d 653, 654 [2d Dept 2013] [landlord failed to demonstrate that the criminal activity of vandalizing walls in common area "threatened the health, safety, or right to peaceful enjoyment of the premises by other residents."]; Roxborough Apts. Corp. v Kalish, 22 Misc 3d 130 [A], 2009 NY Slip Op 50127[U] [App Term, 1st Dept [*4]2009] ["In the absence of any claim or showing that tenant's alleged [conduct] in any way affected other building residents, landlord failed to state an actionable claim for nuisance (internal citation omitted)."]) In Nestor v McDowell, 81 NY2d 410, 413 (1993), the lower court and the Appellate Division held that the installation of a washing machine in violation of the lease amounted to curable conduct under RPAPL 753 (4). The Court of Appeals affirmed that ruling and held that the cure period prescribed by RPAPL 753 (4) applies to ejectment actions as well as to summary proceedings.
With regard to petitioner's allegations that respondent has repeatedly failed to provide proper access, petitioner cites to two specific occasions, January 16, 2024, and January 20, 2024 — and otherwise, ambiguously, on "several occasions" — on which respondent failed to provide "proper access." RSC § 2524.3 (e) contemplates access for repairs and inspection, and requires proper notice for same, to wit, "If the notice of inspection or showing is served by mail, then the tenant shall be allowed five additional days to comply, for a total of 10 days because of service by mail, before such tenant's refusal to allow the owner access shall become a ground for removal or eviction." (Id.)
With regard to paragraph (c) of the notice of termination which asserts additional allegations of allegedly incurable behavior  to wit, removing kitchen cabinets, without prior permission, and damaging the countertops and cabinets by "applying chemicals to the surface"  these alleged actions sound more appropriately in a cause of action for unlawful alterations which may be subject to the cure period under RPAPL 753 (4), rather than incurable damage. (See Grove Equities LLC v Butensky, 61 Misc 3d 130 [A], 2018 NY Slip Op 51409 [U] [App Term, 1st Dept 2018] [holding court did not err in allowing tenant to cure "replacement of kitchen cabinets, construction of a Murphy bed, and installation of a satellite dish"], citing 201 W. 54th St. Buyer LLC v Rodin, 44 Misc 3d 1217 [A], 2014 NY Slip Op 51167 [U] ["Clearly, [r]espondent can cure the removal of the sink, sink cabinet and toilet by replacement of these items with the same or similar fixtures."],[FN3]
affd 47 Misc 3d 154 [A], 2015 NY Slip Op 50863[U] [App Term, 1st Dept 2015];Benjamin Scott Corp. v. Lydia, 14 Misc 3d 1237 [A] [Civ Ct, New York County 2007], affd 23 Misc 3d 128 [A], 2009 NY Slip Op 50597 [U] [App Term, 1st Dept 2009] [alterations to "floors, closets, bathroom door, and kitchen cabinets" curable]; Britton v. Yazicioglu, 189 AD2d 734 [1st Dept 1993] ["removal and replacement of []cabinets" curable].)
Notices to Terminate a Rent Stabilized Tenancy — RSC § 2524.2 (b)[FN4]

A notice to terminate a rent stabilized tenancy must contain sufficiently particularized facts to support its action, not just bare legal conclusions, in order to serve as a predicate for a summary eviction proceeding. (London Terrace Gardens, L.P. v Heller, 40 Misc 3d 135[A], 2009 NY Slip Op 52858[U], *1 [App Term, 1st Dept 2009]; Berkeley Assocs. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991].) The remedial purpose of a notice of termination is to curtail baseless litigation. An impermissibly vague predicate notice "eviscerate[s] the plain language of [RSC 2524.2 (b)] and undermine[s] its salutary purpose to discourage baseless eviction claims founded upon speculation and surmise, rather than concrete facts." (Id., *1.) Moreover, it is well settled that a predicate notice is not a pleading and cannot be retroactively amended. (Chinatown Apts. v Chu Cho Lam [51 NY2d 786 (1994]; Singh v Ramirez, 20 Misc 3d 142 [A], 2008 NY Slip Op 51680 [U] [App Term, 2d Dept 2008], citing Chu Cho Lam, supra] ["It is elementary that the predicate notice cannot be amended[.]") While "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint (emphasis added)," Leon v Martinez at 88, a predicate notice of termination cannot be remedied by a bill of particulars or by a post-hoc submission of an affidavit from petitioner or its agents. (See 2704 Univ. Ave. Realty Corp. v Thompson, 63 Misc 3d 1222 [A], 2019 NY Slip Op 50652 [U], *4; see also Fed. v Ortiz, 139 Misc 2d 274, 276 [Civ Ct, Kings County 1988] [holding that a defective notice of termination "cannot be cured by a recitation in a party's papers in opposition to a motion to dismiss."])[FN5]

31-67 Astoria Corp. v Landaira, 54 Misc 3d 131 (A), 2017 NY Slip Op 50034 (U)
In 31-67 Astoria Corp. v Landaira, 54 Misc 3d 131(A), 2017 NY Slip Op 50034(U) (App Term, 2nd Dept 2017), the Appellate Term, Second Department dismissed, a failure to provide access holdover proceeding on the basis that the notice of termination, served one day after the cure period expired, averred in conclusory fashion that the tenant had not cured the violation. The notice of termination served in the Landaira proceeding stated that the tenant had "failed to cure such violation after written notice by the owner that the violations cease within [ten] days." (31-67 Astoria Corp. v Landaira, Civ Ct, Queens County, Apr. 17, 2015, Lansden, J., index No. LT-069408-14.)
In affirming the Housing Court decision, the Appellate Term in Landaira cited to Hew-Burg v Mocerino, 163 Misc 2d 639 (Civ Ct, Kings County 1994), for the proposition that, when behavior is curable, failure to allege that the defaults specified in the notice to cure have been cured during the cure period renders the notice of termination fatally defective. In Hew-Berg, the court rejected petitioner's argument therein that "[t]here is no requirement that new misconduct be alleged. It is sufficient that the misconduct was not cured prior to the service of a Notice to Terminate (internal quotation marks omitted)." (Hew-Burg, 163 Misc 2d at 640.) The allegations in Hew-Berg were "serious and in some instances specific, including: on numerous occasions that respondent physically attacked and assaulted other tenants[.]" (Id. at 640.) Even so, the court held that merely stating in the notice of termination that the tenancy was terminated for "the [*5]reasons set forth in the notice to cure," id., rendered the notice of termination defective "for lack of factual allegations that the course of conduct complained of continued beyond the cure period (emphasis added)." (Id. at 641.) Landaira and Hew-Berg are extensively cited in favor of dismissal of a petition in the Second Judicial Department.[FN6]

In the case of a summary holdover proceeding premised upon the tenant's breach of a substantial obligation of the tenancy, the tenant must have, in fact, failed to cure prior to the service of a notice of termination for failure to cure. In the case of a summary holdover proceeding commenced for failure to provide access, while there is no bright-line rule requiring a predicate notice to include dates and times when the tenant failed to provide access, courts have found predicate notices that do not comprise dates and times to be defective, especially in cases where dates are readily accessible by petitioner. In Kings Thorn LLC v Walters, 64 Misc 3d 1212 (A), 2019 NY Slip Op 51125(U) (Civ Court, Bronx County 2019), upon reargument the court found that it had erred in upholding a landlord's notice of termination in a holdover proceeding premised upon the tenant's failure to provide access to make necessary repairs. Citing to Oxford Towers v Leites, supra, the court opined that where "information is readily accessible to [a] [p]etitioner [] its omission from the predicate notice [] is unreasonable." (Walters, 2019 NY Slip Op 51125[U], *4.) Indeed, the Housing Court decision in Landaira  which was affirmed on appeal and is publicly available from the Housing Court file archives  stated that after the expiration of the notice to cure, "The termination notice makes no mention of whether or not communication to arrange access occurred." (31-67 Astoria Corp. v Landaira, Civ Ct, Queens County, Apr. 17, 2015, Lansden, J., index No. LT-069408-14.)
In 1123 Realty LLC v Treanor, 62 Misc 3d 326, 2018 NY Slip Op 28314 (Civ Ct, Kings County 2018), the court held, "Here, the notice of termination is bereft of specific dates and times when access was allegedly sought by petitioner. . . . [T]he notice of termination . . . fails to [*6]state whether an inspection appointment was agreed to and, if so, whether respondent failed to provide access on the agreed-upon date." (Treanor, 2018 NY Slip Op 28314, *7.) In Concourse Green Associates, LP v Patterson, 53 Misc 3d 1206(A), 2016 NY Slip Op 51451(U) (Civ Ct, Bronx County 2016), the court opined that "While there is no bright line rule mandating the inclusion of names, dates and specific instances of misconduct in the predicate termination notice, they may be required if the failure to include them would be unreasonable in light of all the attendant circumstances (internal citations omitted)." (Patterson, 2016 NY Slip Op 51451[U], *5.) In 297 Lenox Realty Co. v Babel, 19 Misc 3d 1145(A), 2008 NY Slip Op 51168(U) (Civ Ct, Kings County 2008), the court held that a predicate notice deficient of dates and times was defective where the conduct "should be readily identified by date and time." (Babel, 2008 NY Slip Op 51168[U], *3.) (Applying the standard of specificity for predicate notices required by the RSC, the controlling caselaw militates in favor of dismissal under the facts and circumstances of this case.
CONCLUSION
As set forth above, this proceeding is properly viewed as one premised upon RSC § 2524.3 (a) (breach of lease/substantial obligation of tenancy), RSC § 2524.3 (e) (failure to provide access), and curable alterations. A proceeding based on these grounds requires that a specific notice to cure be provided to enable respondent to cure the breach, as well as a post-judgment opportunity to cure. (RPAPL 753 [4].) Erroneously identifying as a nuisance what is actually a breach of lease or breach of substantial obligation of a tenant's leasehold deprives a tenant of the significant opportunity to cure a breach, conferred by statute, and to avoid the loss of their home. (See Thompson v 490 W. End Apartments Corp., 252 AD2d 430, 437 [1st Dept 1998] [finding that a proprietary lessee had been denied their statutory right pursuant to RPAPL 753 (4) to cure a breach]; Butensky, 2018 NY Slip Op 51409 [U], *1 ["RPAPL 753 [4] must be 'liberally construed to spread its beneficial effects as widely as possible' (Post v 120 E. End Ave. Corp., 62 NY2d 19, 24 [1984].") "[I]n light of the guiding principle that equity abhors a forfeiture," Thompson, 252 AD2d at 437, the difference between these two types of proceedings is not to be lightly analyzed.[FN7]
A conclusory allegation that a condition or behavior "is not curable" is inadequate to provide sufficient detail regarding the irredeemable nature of the alleged violation, or to explicate how the landlord determined that a cure was not effectuated such as to terminate a rent stabilized tenancy.
Petitioner's argument that it is acceptable under the circumstances to simply state, "The landlord has requested access after the Notice to Cure expired on March 13, [2023]" and "You failed to remove the washing machine at (sic) the Notice to Cure expired on March 13, 2023," is unpersuasive. Grammatically this statement does not differ from merely alleging, as did the landlord in the Landaira proceeding, that the tenant "failed to cure such violation after written notice by the owner that the violations cease within ten days,"  31-67 Astoria Corp. v Landaira, Civ Ct, Queens County, Apr. 17, 2015, Lansden, J., index No. LT-069408-14  and could just as easily state that respondent "failed to cure [the failure to provide access, the damage to the cabinets, i.e. 'such violation'] . . . ." No additional details are provided in the notice of termination. Indeed, the bill of particulars shows only communications between petitioner and its attorney prior to or during the cure period, or after the expiration of the notice of termination. The emails attached to petitioner's bill of particulars do not indicate that further access was sought. (NYSCEF Doc No. 22, bill of particulars.) Finally, to state simply that "you have failed to remove the washing machine," does not demonstrate any efforts to determine if this is true, or just presumed. In sum, the allegations that respondent has not cured the violations alleged in the notice to cure are unparticularized conclusions which do not comprise fact specific details, as required, supporting the existence of the basis for termination of respondent's rent stabilized tenancy. (31-67 Astoria Corp. v Landaira, 54 Misc 3d 131 [A], 2017 NY Slip Op 50034[U] [App Term, 2nd Dept 2017].)
Accordingly, it is hereby ORDERED that respondent's motion to dismiss is GRANTED. The Petition is dismissed.
This constitutes the Decision and Order of this Court.
Dated: July 25, 2024
Brooklyn, New York
KAREN MAY BACDAYAN, JHC

Footnotes

Footnote 1:According to petitioner, respondent's subsidy has been suspended due to HQS violations which have not been remediated due to respondent's conduct, and petitioner has, in turn, incurred significant expenses.

Footnote 2:RPAPL 753 (4) states: "In the event that such proceeding is based upon a claim that the tenant or lessee has breached a provision of the lease, the court shall grant a thirty day stay of issuance of the warrant, during which time the respondent may correct such breach."

Footnote 3:The trial court also notes that walls could be replaced with the help of a licensed professional "within the ten days allotted by RPAPL 753 (4)." That the time to remedy a breach post-trial has been enlarged by the HSTPA to three times the amount of time provided by the former RPAPL 753 (4) is not an insignificant benefit.

Footnote 4:"Every notice to a tenant to vacate or surrender possession of a housing accommodation shall state the ground under section 2524.3 or 2524.4 of this Part, upon which the owner relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground, and the date when the tenant is required to surrender possession." Id.

Footnote 5:To the extent that the notice of termination alleges additional breaches not recited in the notice to cure, the notice is defective and these allegations will not be considered. See Webster Bldg A LLC v. Mitchner, NYLJ, Aug. 1, 2018 at 31, 2018 NYLJ LEXIS 2623.

Footnote 6:Rochdale Vill., Inc v Hallerdin-Grant, NYS3d , 2024 NY Slip Op. 24192 (Civ Ct, Queens County 2024); Columbia Leasing, LP v Williams, 80 Misc 3d 884, 2023 NY Slip Op 23206 (Civ Ct, Queens County 2023); 2186 Realty NY LLC v Martinez, 2022 NY Slip Op 31054( U) (Civ Ct, New York County 2022) (failure to remove illegal partition); Fen Xiu Chen v Salvador, 71 Misc 3d 1225 (A), 2021 NY Slip Op 50499 (U) (Civ Ct, Queens County 2021); Rochdale Vil., Inc. v Stone, 66 Misc 3d 737 (Civ Ct, Queens County 2019); Sudimac v Beck, 63 Misc 3d 1208 (A), 2019 NY Slip Op 50442(U) (Civ Ct, Queens County 2019) (failure to remove illegal alterations); BEC Continuum Owners v Taylor, NYLJ, May 30, 2018 at 33, 2018 NYLJ LEXIS 1821, *1 (Civ Ct, Kings County 2018); Ciampa Bell, LLC v Han, NYLJ 1202796094262, *1 (Civ Ct, Queens County 2017); Fontana LLC v Martinez-Bautista, NYLJ, Feb. 14, 2018 at 29, 2018 NYLJ LEXIS 366 (Civ Ct, Queens County 2018) (failure to inter alia provide access); H&N Equities LLC v Sanchez, NYLJ 1202794650578, *1 (Civ Ct, Queens County 2017); Third Hous. Co. v Velez, NYLJ 1202787007020, *1 (Civ Ct, Queens County 2017); Volunteers of Am. v Johnson, NYLJ 1202784918482, *1 (Civ Ct, Kings County 2017) (failure to inter alia provide access); 1025-45 Assocs. v Tate, NYLJ 1202794404370, *1 (Civ Ct, Kings County 2017) (dismissing a holdover petition where the notice of termination failed to specify whether an investigation had occurred after the expiration of the cure period to ascertain if cure of illegal alteration had occurred.)

Footnote 7:"The distinction between [a nuisance and a breach of lease] proceeding[] is primarily whether the condition alleged is chronic and, thus, considered incapable of a cure, or is the condition curable and, therefore, the type of conduct that falls within the confines of the terms of a lease that provides for a notice to cure to be served upon a tenant if and when such behavior is alleged. A corollary benefit that inures to a tenant when conduct is determined to be a breach of lease or violation of a substantial obligation of tenancy is that the tenant will be afforded a post[-]judgment cure period pursuant to RPAPL 753 (4) if and when a judgment is entered on the violation of the lease." Unicorn 151 Corp. v. Small, 181 Misc 2d 304, 1999 NY Slip Op 99335 (Civ Ct, Kings County 1999).