Diego Beekman Mut. Hous. Assn., H.D.F.C. v Capers (2024 NY Slip Op 51139(U))

[*1]

Diego Beekman Mut. Hous. Assn., H.D.F.C. v Capers

2024 NY Slip Op 51139(U)

Decided on August 23, 2024

Civil Court Of The City Of New York, Bronx County

Hassan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 23, 2024
Civil Court of the City of New York, Bronx County

Diego Beekman Mutual Housing Association, H.D.F.C., Petitioner-Landlord,

against
Regina Capers, Respondent-Tenant. Andanique Capers, John Doe, Jane Doe Respondent(s)-Undertenant(s)

Index No. 332597-23/BX

Amira Hassan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered NYSCEF Doc. No.
Motion of Motion (Seq. 01) 1 10
Affirmation/Affidavit in Support 2 11, 12
Affirmation in Opposition 3 17
Affirmation in Reply 4 18
Exhibits 13, 14, 15
NYSCEF Court File 1 to 18
Upon the foregoing cited papers, the Decision/Order on Respondent's motion (Seq. 01) to dismiss is as follows:
This holdover proceeding was commenced by Notice of Petition and Petition dated August 1, 2023, seeking to recover possession of the subject rent stabilized premises located at 683 East 140th Street, Apartment 1I, Bronx, New York 10454. This proceeding was predicated on a Ten (10) day Notice of Termination and Notice to Vacate ("Notice") whereby Diego Beekman Mutual Housing Association, H.D.F.C ("Petitioner") terminated Regina Capers' ("Respondent") tenancy and consequently any interest Andanique Capers, John Doe, Jane Doe had as undertenants (collectively "Respondents") on the grounds that Respondent violated a substantial obligation of her tenancy by committing objectionable conduct amounting to a nuisance, which Petitioner deemed to be non-curable. The nature of the conduct, more or less, is surrounding Respondent and her minor children allowing dog(s) to urinate in the building's courtyard and failing to clean up after it. As per the Notice, Respondents were to surrender possession of the subject premises on or before July 31, 2023, or be subject to a summary proceeding. Respondents remained in possession of the apartment beyond the termination date [*2]set forth and Petitioner commenced this action thereafter.
This case has been pending since October 2023 where it first appeared in the intake part and then for the first time in resolution Part D on November 28, 2023. A Guardian Ad Litem ("GAL") was appointed by the Hon. Shahid on behalf of Respondent by Decision/Order dated February 7, 2024. Respondent later appeared through counsel, Bronx Legal Services, by Notice of Appearance filed July 31, 2024. The case was adjourned pursuant to a motion schedule. On August 20, 2024, the parties appeared for argument in Part J where the case has been transferred. Despite the Court's efforts to resolve the matter that day, the parties could not settle, and decision was reserved on the motion papers.
As an initial matter, Respondent filed the instant motion to dismiss prior to filing an answer, however, an answer was filed almost immediately after the motion, on consent. See, NYSCEF Doc. No. 16 — Answer (Attorney). Therefore, the court may treat this motion as one for summary judgment. Hertz Corp. v. Luken, 126 AD2d 446, 510 N.Y.S.2d 590 (Appellate Division, 1st Dep't 1987). By counsel, Respondent moves to dismiss pursuant to CPLR § 3211(a)(1), (a)(2), and (a)(7) to the extent that Petitioner fails to state either a breach of lease or nuisance cause of action. In as much as this proceeding terminated Respondent's tenancy based on a violation of a substantial obligation of the lease, Petitioner failed to serve a notice to cure prior to termination and the sole notice relied upon is defective because it fails to cite to the provisions of the lease allegedly breached. Respondent also challenges the essence of the claim itself arguing that the conduct described in the termination notice does not and cannot rise to the level of a nuisance. Simply put, "not every annoyance constitutes a nuisance." See, Domen Holding Co. v. Aranovich, 1 NY3d 117 (Court of Appeals 2003). Alternatively, Respondent seeks to have any allegations in the petition that fail to provide proper notice of the charges brought stricken.
In further support, Respondent submits an affidavit where she affirms the existence of two emotional support animals, Foxy and Fluffy. See, NYSCEF Doc. No. 12, ¶ 3. Respondent goes on to state that Fluff, a twenty-pound Shih Tzu, passed away in September 2023 and Foxy, a rat terrier, under ten pounds, is currently her only dog. The affidavit paints a picture surrounding allegations in the notice. The building's courtyard is described as an outdoor, concrete paved area right outside the building, and where she alleges to never have witnessed other tenants wiping up urine after their dog(s).
Petitioner opposes Respondent's motion arguing that their claim was "plainly pled" pursuant to Rent Stabilization Code ("RSC") § 2524.3(b) which does not require a notice to cure despite language in the notice echoing language found in RSC § 2524.3(a). Petitioner defends their notice purporting that Respondent's objectionable repeated conduct was sufficiently described to allow Respondent to defend against the eviction and states the legal grounds for the proceeding. Berkeley Assocs. Co. v. Camlakides, 173 AD2d 193 (Appellate Division, 1st Dep't 1991). Petitioner's opposition did not contain an affidavit from anyone with personal knowledge as to the facts of this case. In reply, Respondent reiterates that the defects in Petitioner's notice are fatal and subjects this proceeding to dismissal. Chinatown Apartments v. Chu Cho Lam, 433 N.Y.S.2d 86 (Court of Appeals 1980).
Respondent's motion papers fail to point out that, as admitted by Petitioner in their petition, after the last lease renewal expired on January 1, 2023, prior to the commencement of this proceeding, Respondent did not sign and return a new written lease. (See, NYSCEF Doc. No. 1, ¶ 2 of the Petition). The allegations contained in the notice and the foundation of this [*3]proceeding begin in February 2023 — after the lease expired. It is true that parties cannot waive their rights and obligations under the RSC, and as such Respondent continues to enjoy certain statutory rights and protections as a rent stabilized tenant under the law. Berkeley Assocs. Co. v. Camlakides, 173 AD2d 193 (Appellate Division, 1st Dep't 1991). Yet in the absence of a current lease, a landlord is prohibited from initiating a nonpayment despite a tenant's failure to pay rent, a palpable breach of an obligation of their tenancy. See, 7 E. 14, LLC v. Libson, 81 Misc 3d 130(A) (Appellate Term, 1st Dep't 2023).
9 NYCRR § 2524.2(a) provides that "except [emphasis added] where the ground for removal of a tenant is nonpayment of rent, no tenant shall be removed or evicted [ . . . ] and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in section 2524.3 or 2524.4 of this part, unless and until the owner shall give written notice . . . " While this legal question is not addressed in the motion papers, this Court is considering whether the specific grounds enumerated in the Rent Stabilization Code (RSC) give rise to a cause of action for breach of a substantial obligation of a "statutory tenancy," even in the absence of an active renewal lease. Therefore, whether referencing paragraphs under the expired lease agreement makes or breaks the notice, may be missing the point entirely. Notably, a copy of the expired lease was never furnished by either side and the Court is unable to discern whether there is a prohibition on urination in the building's courtyard or whether "clean up after" the dog(s) urinate in the courtyard was a condition contemplated in the lease.
Petitioner's contention that their holdover was pled pursuant to RSC § 2524.3(b) only is severely misplaced. Petitioner not only, admittedly, echoes the language under Section (a) of the same code, but explicitly cites to the ground in the very first paragraph of their notice and repeatedly alleges that Respondent was advised of the "violation of the lease." Both sections permit a landlord to commence a summary proceeding to remove a rent stabilized tenant, albeit under different legal theories and requirements. Section 2524.3(a) speaks to a tenant violating a substantial obligation of their tenancy and failing to cure the violation after receipt of a 10-day notice to cure. The code specifies that an action or proceeding to recover possession may not be commenced until service of the notice required by Section 2524.2. Certain violations of a rent stabilized lease deprive a tenant of the opportunity to cure. For example, the Appellate Term, First Department found that where a rent stabilized tenant sublet her apartment at market rate for capital gain and did so "systematically, for a substantial length of time, [she] place[d] herself in jeopardy of having her lease terminated on that ground, with no right to cure [emphasis added]." Goldstein v. Lipetz, AD3d 562, 53 N.Y.S.3d 296 (Appellate Division, 1st Dep't 2017). In general, these types of situations involve conduct which "undermines the integrity of the rent stabilization system." Graham Court Owners Corp. v. Taylor, 49 Misc 3d 7, 16 N.Y.S.3d 892 (Appellate Term, 1st Dep't 2015).
The Court does not find the conduct described in the notice to be one that "undermines the integrity of the rent stabilization system" so much as to deprive Respondent from the opportunity to cure. In fact, the notice alleges that after each "incident", a letter from the management company was sent to Respondent advising her of the "violation of [her] lease." In some way, it shows how the action Petitioner complained of is one where it may not be impossible to meaningfully cure. 326-330 E. 35th St. Assoc. v. Sofizade, 191 Misc 2d 329, 741 N.Y.S.2d 380 (Appellate Term, 1st Dep't 2002); See also, M. 1695 G.C. LLC v. Perez, 66 Misc 3d 320 (Civ. Ct. NY County 2019). It is unclear why Petitioner chose not to serve a formal notice to cure and resorted to informal letters instead prior to starting this case.
As to Petitioner's claim under Section 2524.3(b) involving "nuisance" like behavior that interferes with the comfort and safety of the owner and other tenants, even applying a test of "reasonableness in view of all attendant circumstances," this court fails to see how the conduct described in the notice depicts a "continuous invasion of rights." Domen Holding Co. v. Aranovich, 1 NY3d 117 (Court of Appeals 2003); Hughes v. Lenox Hill Hosp., 226 AD2d 4, 651 N.Y.S.2d 418 (Appellate Division, 1st Dep't 1996). A degree of permanence is an "essential element of the conception of nuisance" and a "single occurrence or a series of isolated incidents do not constitute a nuisance." Metro. Life Ins. Co. v. Moldoff, 63 N.Y.S.2d 385 (Appellate Term, 1st Dep't 1946). The conduct described in the notice cannot reasonably be seen as "patterns" over an "extended period" as opposed to incidents that took place over a couple of months (February 2023 to June 2023). Id. Respondent attested in her affidavit that her dog Fluffy, who was diagnosed with a recurring bladder infection dating back to February 2023, the very same month the alleged "nuisance" started as per the notice, died in September 2023. While the notice refers to "dog" and "dogs" without further specificity, it may very well be that the complained of action/inaction ceased as of September 2023.
Furthermore, the notice, which must be sufficient on its face, does not explain how Respondent's alleged failure to "clean up the urine" annoyed or disturbed other tenants and "created a dangerous condition affecting the health and safety of other residents." The notice does not allow the court to "weigh the quantitative and qualitative aspects under a specific set of facts to determine whether a nuisance occurred" and fails to detail how the conduct reasonably effected other's health and safety. See, Roxborough Apts. Corp. v. Kalish, 22 Misc 3d 130 [A] (Appellate Term, 1st Dep't 2009). In summary, Respondent's affidavit in support of this motion remains unrebutted and all that is before the court is a claim that should have been subject to a formal cure period prior to termination and was at best, a series of isolated incidents caused by a condition that no longer persists. For all these reasons, the Court finds that Petitioner failed to state a cause of action.
Accordingly, it is SO ORDERED that Respondent's motion Seq. 01 is granted, and it is further ORDERED that this proceeding is dismissed, without prejudice. Any other claims between the parties are severed, without prejudice. Respondent is directed to serve and file a copy of this Decision/Order along with a notice of entry and upload proof of same to NYSCEF within three (3) days from the date of this Decision/Order.
This constitutes the Decision/Order of the court. A copy of same to be uploaded to NYSCEF.
Dated: August 23, 2024
Bronx, New York
Hon. Amira Hassan
Housing Court Judge