## Rochdale Vil., Inc. v Wright

2025 NY Slip Op 30059(U)

January 3, 2025

Civil Court of the City of New York, Queens County

Docket Number: Index No. L&T 319576/23

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART B
-----------------------------------------------------------------X
ROCHDALE VILLAGE, INC.,

                              Petitioner,

          -against-

TRACEY WRIGHT, ISIAH BLAKE, "JOHN DOE",
"JANE DOE",

                             Respondents.
-----------------------------------------------------------------X
Present:

Index No. L&T 319576/23

**DECISION/ORDER**

        Hon. <u>CLINTON J. GUTHRIE</u>
            Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to amend the answer and for summary judgment pursuant to CPLR § 3212:

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed……………….…...……….…..... | <u>1 (NYSCEF # 9-13)</u> |
| Affirmation in Opposition & All Documents Annexed……………...…….… | <u>2 (NYSCEF # 14-20)</u> |
| Affirmation in Reply & All Documents Annexed…………..……...………….. | <u>3 (NYSCEF # 22-25)</u> |

Upon the foregoing cited papers, the decision and order on respondent's motion is as follows:

<u>PROCEDURAL HISTORY</u>

       This summary holdover proceeding, based upon a notice to cure and notice of termination, was filed in November 2023. Respondent Tracey Wright (hereinafter respondent) is the shareholder of the subject Mitchell-Lama cooperative. In March 2024, counsel appeared for respondent and interposed an answer with counterclaims. Thereafter, in April 2024, respondent made the instant motion to amend the answer and for summary judgment on her third affirmative defense. After the submission of opposition and reply papers, the court heard argument on the

1

[* 1]

motion on June 13, 2024 and reserved decision.

<u>DISCUSSION/CONCLUSION</u>

I.        <u>Motion to amend the answer.</u>

The court first addresses respondent's motion to amend the answer. The two proposed amendments are removing citations to Rent Stabilization Code (RSC) §§ 2524 and 2524.2, and replacing them with citations to 9 NYCRR § 1727-5.3, and adding a defense based on acceptance of rent during the "window period" after the termination of the tenancy and before the commencement of the proceeding. Petitioner opposes the request to amend, primarily arguing that the additional defense of acceptance of rent during the window period lacks merit.

Pursuant to CPLR § 3025(b), "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including granting of costs and continuances" (*see also Faiella v. Tysens Park Apts., LLC*, 110 AD3d 1028, 1029 [2d Dept 2013] ["Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit."]; *Nationstar Mtge., LLC v. Jean-Baptiste*, 178 AD3d 883, 886 [2d Dept 2019]). Mere delay is insufficient to deny amendment; only delay with "significant prejudice" to the other side is a barrier to amendment (*see BAC Home Loans Servicing, L.P. v. Jackson*, 159 AD3d 861, 863 [2d Dept 2018]). In line with this principle, the Appellate Term, Second Department recently reversed a lower court's denial of a motion to amend an answer in a summary eviction proceeding, notwithstanding a 2-year delay in seeking amendment after a change in the law (*see Hill Plaza Enters. NY, LLC v. Terris*, 82 Misc 3d 132[A], 2024 NY Slip Op 50565[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).

2

[* 2]

Here, respondent moved to amend the answer slightly over a month after the original answer was filed. The court does not find that there is any prejudice to petitioner in respondent modifying citations to reflect that the subject premises is governed by regulations covering Mitchell-Lama housing, as petitioner acknowledges the same in its predicate notices and petition. As for the proposed amended defense of acceptance of rent during the window period, the court does not find it to be patently insufficient or patently devoid of merit. While petitioner is correct that acceptance of rent, alone, may not constitute a waiver of petitioner's right to proceed on its claims (*see Georgetown Unsold Shares, LLC v. Ledet*, 130 AD3d 99, 106 [2d Dept 2015]), in the Second Department, the acceptance of rent during the window period may vitiate a specific notice of termination (*see 92 Bergenbrooklyn, LLC v. Cisarano*, 50 Misc 3d 21, 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; *see also Esplanade Gardens, Inc. v. Simms*, 51 Misc 3d 1228[A], 2016 NY Slip Op 50851[U], *5 [Civ Ct, NY County 2016]). While issues of fact as to the defense remain to be resolved at trial, the court does not find that it is devoid of merit. Accordingly, respondent's motion to amend the answer is granted and the amended answer (NYSCEF Doc. 12) is deemed served and filed.

II.      Motion for summary judgment.

Respondent seeks summary judgment and dismissal upon her third affirmative defense. The third affirmative defense alleges that the notice of termination is defective because it did not state adequate facts to support the assertion therein that respondent failed to comply with the notice to cure. Respondent claims that the notice of termination is facially defective, but also attempts to refute an allegation made therein, namely that respondent failed to provide access for repairs on October 18, 2023, through respondent's affirmation (pursuant to CPLR § 2106) and other evidence,

3

[* 3]

including email correspondence with petitioner's general counsel.

Petitioner opposes the motion, arguing that its notice of termination sufficiently alleged respondent's failure to cure the "objectionable conduct" that was set out in the notice to cure. Additionally, via an affidavit from Nisha Charles, the Group Maintenance Manager for petitioner, petitioner denies that respondent gave access to her apartment on October 18, 2023, and further denies that respondent refused to return a contractor's ladder, drop cloth, and paint brushes. A work ticket dated October 16, 2023 and email correspondence between respondent's attorney and petitioner's general counsel is also annexed to the opposition papers. Petitioner's attorney asserts that respondent's attorney circumvented communication with her by communicating directly with the general counsel about the access issues.

There is substantial caselaw at this juncture regarding the necessity of stating nonconclusory facts relevant to the lack of a cure in a termination notice if a cure notice was served. In *31-67 Astoria Corp. v. Landaira*, 54 Misc 3d 131[A], 2017 NY Slip Op 50034[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], the Appellate Term, Second Department held that a termination notice "was defective because it failed to allege that the defaults specified in the notice to cure, which were curable, had not been cured during the cure period." [Citing *Hew-Burg Realty v. Mocerino*, 163 Misc 2d 639 [Civ Ct, Kings County 1994]. Several lower court decisions have followed *Landaira* (*see Lexington Ave. LP v. Clement*, 83 Misc 3d 1257[A], 2024 NY Slip Op 50987[U] [Civ Ct, Kings County 2024]; *Columbia Leasing L.P. v. Williams*, 80 Misc 3d 884 [Civ Ct, Queens County 2023]; *Rochdale Vil., Inc. v. Stone*, 66 Misc 3d 737 [Civ Ct, Queens County 2019]; *Sudimac v. Beck*, 63 Misc 3d 1208[A], 2019 NY Slip Op 50442[U] [Civ Ct, Queens County 2019]), however some have held that its application is limited and does not create a bright-line rule

4

[* 4]

(*see Riverbay Corp. v. Frere*, 79 Misc 3d 1218[A[, 2023 NY Slip Op 50655[U] [Civ Ct, Bronx County 2023]; *1123 Realty LLC v. Treanor*, 62 Misc 3d 326, 334-335 [Civ Ct, Kings County 2018]). Additionally, in *Matter of Federation of Orgs. for the N.Y. State Mentally Disabled, Inc. v. Lindsay*, 2024 NY Slip Op 06124, *1 [1st Dept 2024], the Appellate Division, First Department recently reversed the Appellate Term, First Department and dismissed a summary holdover proceeding upon the holding that "where the landlord serves a default notice providing a cure period and stating that the lease would be terminated upon failure to cure the lease violation, the termination must adhere to the lease procedures that allow the tenant to cure the default as provided in the notice." [Citing *Tomfol Owners Corp. v. Hernandez*, 201 AD3d 454, 454 [1st Dept 2022].

Here, the notice of termination reiterates each of the allegations in the notice to cure and specifically states that "[y]ou failed to cure your default, despite the fact that the landlord served you with a Notice to Cure dated September 13, 2023." This statement is followed by supporting facts, including the continued failure to give access to repair a leaking toilet, a refusal to return repair tools to a contractor, and the lack of access on October 18, 2023. The court finds that the specific reference to the lack of a cure and sufficient facts to support the same are adequate, as a matter of law, to pass muster under the appellate caselaw discussed above and the basic requirement that a predicate notice must be reasonable "in view of the attendant circumstances." (*Hughes v. Lenox Hill Hosp.*, 226 AD2d 4, 18 [1st Dept 1996], *lv denied* 90 NY2d 829 [1997]; *see also Oxford Towers Co., LLC v. Leites*, 41 AD3d 144, 144-145 [1st Dept 2007]). While respondent also attempts to factually refute the allegations regarding lack of access, the parties' submissions demonstrate issues of material fact in dispute, thus precluding summary judgment (*see Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 [1986]).

5

[* 5]

For the foregoing reasons, respondent's motion is granted to the extent of allowing

amendment of the answer and is otherwise denied.  The proceeding will be restored to the Part B

calendar for all purposes, including trial transfer, on January 22, 2025 at 9:30 AM.

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: Queens, New York
      January 3, 2025                      _____

                                     HON. CLINTON J. GUTHRIE
                                       J.H.C.

SO ORDERED - HON. CLINTON J. GUTHRIE

6

[* 6]