OPINION OF THE COURT
Memorandum.
*787 The order of the Appellate Division should be affirmed, with costs.
Upon a breach by the tenant of one of the lease provisions, petitioner landlord was entitled to serve the tenant with a "Notice of Intention to Terminate Occupancy”; and, under the terms of the lease, the tenancy would terminate automatically after service of such notice unless the tenant acted within 10 .days to cure the alleged breach. Here, so far as is material to the issue in this appeal, the notice served upon respondent tenant alleged only that a "partition” had been erected on the premises in violation of certain specific clauses in the lease. However, respondent had not in fact erected a "partition”, but rather had constructed a freestanding, cube-like structure which stood in the center of one of his rooms.
Petitioner contends that respondent should have removed his "cube” when he was served with a notice complaining of the unauthorized erection of a "partition”. It has also been suggested that any confusion regarding the nature of the offending condition within the apartment should have been dispelled when the court made an on-site inspection of the premises and permitted petitioner to amend its dispossess petition to account for the presence of "a cube-shaped wooden and plasterboard structure”. Of course, since the right to terminate the tenancy pursuant to the terms of the lease was dependent upon service of an adequate notice, the subsequent amendment of the petition, which could not operate retroactively to cure a defect in the notice, did not enhance petitioner’s right to relief.* Similarly, the trial court’s observation that the "cube” constituted a violation of certain city health and safety ordinances is of no analytic consequence, since the only substantial issue before this court is the sufficiency of petitioner’s notice.
With respect to this issue, even if we were to agree with petitioner, as some of the members of the court would, that, the allegation in the notice concerning the presence of a *788 "partition” was sufficient to apprise respondent of the condition which petitioner wished to have cured, we would nevertheless be compelled to hold that the notice was ineffective and could not serve as the predicate for an automatic termination of the tenancy. The deficiency in the notice arises from its failure to cite any specific prohibition in the lease which had been violated by the construction of the "cube”. Although several covenants of the lease were mentioned in the notice, none of the cited clauses prohibited the erection of a freestanding structure such as that built by respondent. Since respondent could not be expected to take remedial action by removing the "cube” unless his landlord first demonstrated that such remedial action was required by the lease, the omission in the notice must be considered a fatal defect. Inasmuch as service of a proper notice of intention to terminate occupancy was a condition precedent to the termination of the tenancy under the lease, the deficiency in the notice deprived petitioner of a predicate for reclaiming possession of the premises. Accordingly, the petition to dispossess was properly dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.

 In addition to its claim that, as a consequence of the unheeded notice, the tenancy had terminated automatically by operation of the lease provisions, petitioner also sought relief directly on the basis of respondent’s alleged breach of certain substantive lease covenants. The amendment to the petition clarifying the nature of the offending condition on the premises may have been indirectly helpful with- respect to this latter claim, but the outcome was not affected, since the claim was ultimately rejected by the trial court on the ground that the offending condition had been removed by the time the litigation became ripe for disposition. Petitioner has not asked this court to review this aspect of the trial court’s ruling.