OPINION OF THE COURT
Sheldon J. Halprin, J.
Before the court are two proceedings, a nonpayment (landlord and tenant index No. 3978/96) and a holdover (landlord and tenant index No. 22917/97) involving the same parties. Petitioner argues, upon submission after a holdover trial and hearing on petitioner’s motion to vacate the dismissal in the nonpayment case that the landlord is entitled to obtain possession of the subject premises after the tenant obtains a discharge in bankruptcy for rents that were sought in the nonpayment proceeding.
Respondent appears pro se in both proceedings and argues: (1) the bankruptcy discharge voids the money and possessory nonpayment judgments; (2) the lease was “assumed” by rent payments after the filing of the bankruptcy petition and prior to the holdover notice to terminate; (3) there is assurance of future performance under the lease based on payments, made pursuant to court order, which covered March 1997 through October 1997 rents; and (4) bankruptcy is not a breach of the rent-stabilized lease at issue.
The nonpayment proceeding commenced in January 1996 seeking $1,141.16 representing a balance for November 1995, December 1995, and January 1996 rent at the rate of $491.38 per month for the rent-stabilized premises.
The respondent answered general denial and the case proceeded with inspection reports, stipulations and adjournments on respondent’s motion in Part 18F from February 1996 through May 1996. On June 12, 1996, the nonpayment case was reassigned to this Part after the transfer of Judge Thomas to another county. Respondent’s April 1996 motion was adjourned to July 9 and then to August 16, 1996 for a hearing. This court dismissed the nonpayment case on August 16, 1996 due to petitioner’s default. Petitioner, by motion returnable on September 25, 1996, moved to vacate the dismissal. The *872 nonpayment case was adjourned to October 17, 1996 at which time respondent defaulted and a final judgment of possession and a money judgment of $4,062 for rent through October 1996 was granted; issuance of the warrant stayed five days after service of a copy of the judgment with notice of entry.
Respondent filed a chapter 7 bankruptcy (96B45722) on or about October 23, 1996. Notwithstanding the bankruptcy filing a warrant was issued on November 12, 1996. This nonpayment proceeding was stayed pending the bankruptcy proceeding. This court has no indication that the petitioner landlord sought to lift the bankruptcy stay. The chapter 7 bankruptcy proceeding resulted in a bankruptcy discharge order dated February 20, 1997 absolving respondent of the petitioner landlord’s money judgment.
The nonpayment case reappeared on the court’s calendar on June 27, 1997 by respondent’s order to show cause in which respondent sought to vacate the money and possessory judgments and the warrant, stating that all rent had been paid. The motion was adjourned several times in July and August 1997 while the proceeding was stayed due to respondent’s filing a new bankruptcy petition (97B4437) under chapter 13 of the Bankruptcy Code (11 USC). The chapter 13 bankruptcy petition index number was purchased on or about July 1, 1997. Petitioner moved in Bankruptcy Court to have the automatic stay vacated which was granted by a bankruptcy order dated September 26, 1997. On September 24, 1997, the respondent’s nonpayment motion was set for a hearing. Petitioner did not appear in time for the hearing, and respondent’s motion was granted to the extent of dismissing the nonpayment case.
Petitioner moved by order to show cause, returnable on October 7, 1997, to vacate the dismissal and sought reinstatement of the judgment and warrant. The motion, over respondent’s oral opposition, was granted to the extent that the nonpayment case dismissal was vacated. The case was adjourned for argument on October 21, 1997 as to whether the possessory final judgment in the nonpayment case is viable in light of the chapter 7 bankruptcy discharge. Decision on the motion was reserved pending submission of briefs on November 6.
The holdover was commenced by a 10-day notice dated February 27, 1997 stating four grounds: (1) lease rejected in chapter 7 bankruptcy case; (2) discharged debt not affirmed; (3) no assurance of future performance; and (4) violation of lease agreement, rules and regulations.
*873 The case appeared in Part 18 on April 8, 1997 and was referred to this Part. After several adjournments, the case was scheduled for trial on May 15, 1997. Respondent did not appear, an inquest was held and a final judgment of possession was granted. Respondent, by order to show cause returnable on May 30, moved to vacate the default judgment and have the holdover case dismissed. Respondent’s motion was adjourned to June 13 at which time the default judgment was vacated over petitioner’s objection and set for trial on July 2, 1997.
On or about July 1, 1997, respondent filed a chapter 13 bankruptcy petition (97B4437). Petitioner moved in Bankruptcy Court on July 30, 1997 to have the automatic stay vacated, which was granted on or about September 26, 1997. The holdover was set for trial on September 24, 1997, and dismissed due to petitioner’s default.
Petitioner, by order to show cause sought to vacate the dismissal which was granted on October 7, 1997 and the case was set for trial on October 21. Trial was held on October 21 and the decision was reserved pending submission of trial briefs on November 6.
A holdover involving a rent-stabilized tenancy must be brought pursuant to the terms of Rent Stabilization Code (RSC) (9 NYCRR) § 2524.1 which states that the grounds for the holdover must be specified in the Rent Stabilization Code or in the Real Property Actions and Proceedings Law. A proper predicate notice is a jurisdictional prerequisite to a summary holdover proceeding. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787 [1980].)
No provision of RSC § 2524.3 explicitly creates bankruptcy as a ground for lease termination. Petitioner must connect a section 2524.3 ground with a lease paragraph and facts supporting the termination. (Chinatown Apts. v Chu Cho Lam, supra, at 788.) Petitioner did not cite which code provision nor which lease clause, rules or regulations were allegedly violated. Petitioner in conclusionary language stated “[t]his [bankruptcy and discharge] constitutes a violation of your lease agreement, and the rules and regulations of your lease agreement.”
Petitioner further states “[y]our lease is deemed terminated and rejected”. However, bankruptcy lease rejection neither voids the lease (Dime Sav. Bank v Pesce, NYLJ, Jan. 3, 1996, at 25, col 3 [App Term, 1st Dept], 24 HCR 5a) nor terminates the lease (521 Fifth Ave. Assocs. v Trinko, NYLJ, Apr. 18, 1994, at 27, col 3 [App Term, 1st Dept], 22 HCR 228B, citing 348 E. 92 Assocs. v Blum, NYLJ, Mar. 8, 1988, at 12, col 1 [App Term, *874 1st Dept], 16 HCR 84). The debtor tenant, with a rejected unexpired rent-stabilized lease, may continue to occupy the premises, unless a properly instituted summary holdover proceeding occurs. (In re Yasin, 179 Bankr 43 [SD NY [1995].)
Furthermore, petitioner had the option to bring the termination notice according to RPAPL 711 which petitioner did not do. A holdover brought pursuant to RPAPL 711 (1) must cite which lease clause provides the basis for termination. Petitioner did not cite any specific lease provision as a basis for termination. Also, bankruptcy lease rejection is not deemed a lease termination for the purposes of RPAPL 711 (1). (See, Mosher v Parpal Rest., NYLJ, Mar. 25, 1997, at 28, col 1 [App Term, 2d Dept], 25 HCR 163B, citing Matter of Austin Dev. Co., 19 F3d 1077, cert denied sub nom. Sowashee Venture v EB, Inc., 513 US 874 [for the proposition that in bankruptcy a lease rejection, a lease breach and a lease termination are not equivalent, interchangeable terms].)
The viability of the nonpayment possessory judgment is determined by an analysis of the chapter 7 discharge order, applicable bankruptcy statutes and case law.
The discharge order based on 11 USC § 524 states: “any judgment * * * is null and void * * * as to * * * personal liability.” Personal liability is defined in Black’s Law Dictionary 1030 (5th ed) as “[a] kind of responsibility for the payment or performance of an obligation which exposes the personal assets of the responsible person to payment of the obligation.” The nonpayment money judgment was for rent which was an obligation that was discharged in bankruptcy. The discharge order does not discharge possessory judgments.
The case of In re Touloumis (170 Bankr 825 [SD NY 1994]) involved a similar fact pattern to the instant case of a rent-stabilized tenancy, where a nonpayment proceeding had resulted in a money and possessory judgment, prior to the respondent tenant filing a chapter 7 bankruptcy petition. The Touloumis court held the landlord can still recover possession because discharge does not permit the respondent tenant to remain in possession without paying the accrued discharge rent. (In re Touloumis, supra, at 830, citing In re Hepburn, 27 Bankr 135 [ED NY 1983]; see also, 840 W. End Assocs. v World Wide Destinations Unlimited, NYLJ, Apr. 5, 1991, at 27, col 3 [App Term, 1st Dept], 19 HCR 205.)
Based on the foregoing analysis, this court makes the following findings of fact and conclusions of law.
The holdover is dismissed due to the defective predicate notice which does not state which lease clauses had been *875 violated, how those lease clauses had been violated and thus failed to state a cause of action under either the RSC or the RPAPL.
In the nonpayment proceeding, when the landlord inadvertently defaulted and then quickly moved to vacate the default and consequent dismissal, the petitioner’s motion is granted to the extent that the original judgment of possession dated October 17, 1996 is reinstated but the warrant is vacated. The original warrant is not valid as it was issued in violation of the original bankruptcy (96B45722) stay. Given that the possessory aspect of the nonpayment judgment was not vacated by the bankruptcy discharge, the warrant may be reissued and execution of the warrant is stayed 10 days after service of a copy of this decision on the respondent with notice of entry.