Jesse Jamison, Respondent,
against
Louis Jamison, Appellant, et al., Occupants.




Peska & Associates, P.C. (Adam M. Peska, Esq.), for appellant.
Hartmann Doherty Rosa Berman & Bulbulla, LLC (Tal Z. Cushmaro, Esq.), for respondent.

Appeal from a decision of the City Court of White Plains, Westchester County (Brian Hansbury, J.), dated October 16, 2015, deemed from a final judgment of the same court dated October 16, 2015 (see CPLR 5512 [a]). The final judgment, insofar as appealed from, after a nonjury trial, awarded possession to petitioner as against occupant Louis Jamison in a holdover summary proceeding.




ORDERED that the final judgment, insofar as appealed from, is reversed, without costs, and so much of the petition as is against occupant Louis Jamison is dismissed.
Petitioner commenced this holdover proceeding (RPAPL 711 [1]) against three of his brothers, including Louis Jamison (occupant), following the service of a notice purporting to terminate their tenancy at will. The petition alleges that petitioner is the owner of the subject premises, that the brothers' mother, Earline Jamison, had transferred title to the property to petitioner in 2012, retaining a life estate, and that, upon her death in March 2014, pursuant to her will, Ms. Jamison had bequeathed the family home to petitioner. The petition also alleges that Ms. Jamison had "tasked" petitioner with collecting rent from his brothers in the house during her lifetime but that they did not accede to his request for rent and subsequently refused to sign a proffered one month's rental agreement. Following a nonjury "trial," which consisted merely of the submission into evidence of certain documents, the City Court awarded possession to petitioner, upon a finding that petitioner had established his right to recover possession under [*2]RPAPL 713 (6). Occupant appeals from so much of the final judgment as is against him.
RPAPL 713 (6) provides that a summary proceeding may be maintained in the absence of a landlord-tenant relationship when:
"[The person in occupancy] is the tenant of a life tenant of the property, holding over and continuing in possession of the property after the termination of the estate of such life tenant without the permission of the person entitled to possession of the property upon termination of the life estate."
A valid predicate notice is a condition precedent to a holdover proceeding (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980]), and predicate notices are not amendable (id.). Here, the petition is predicated on a notice of termination that purports to terminate a tenancy at will (see RPAPL 711 [1]), the existence of which was not established by the sparse proof (see generally 2 Robert F. Dolan, Rasch's Landlord and Tenant——Summary Proceedings § 38:29 [4th ed 1998] [a tenancy at will must be based on an express or implied contract that the occupant shall enter and hold the land at the landlord's will]), and makes no claim based on RPAPL 713 (6). Contrary to petitioner's contention, in these circumstances the proceeding cannot properly be deemed to have been brought under RPAPL 713 (6). 
In any event, in order to make out a prima facie case under RPAPL 713 (6), petitioner was required to prove that a tenancy had existed between Earline Jamison and occupant. However, the sparse record includes neither testimony nor documentary evidence establishing that there was a landlord-tenant relationship between occupant and his mother. In the absence of this showing, so much of the petition as is against occupant should have been dismissed (see 2268 Church Ave., LLC v Clarke, 48 Misc 3d 127[A], 2015 NY Slip Op 50915[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Longobardi v Martin, 43 Misc 3d 128[A], 2014 NY Slip Op 50525[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the final judgment, insofar as appealed from, is reversed and so much of the petition as is against occupant is dismissed.
Tolbert, J.P., Garguilo and Brands, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: April 20, 2017