| |
|---|
| **Oumadatt v Ramchait** |
| 2024 NY Slip Op 33400(U) |
| January 29, 2024 |
| Civil Court of the City of New York, Queens County |
| Docket Number: Index No. L&T 313518-23 |
| Judge: David Bryan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS:  HOUSING PART SPP/E
YUDHISHTIR OUMADATT
GANESHDATT MAHARAJ

                    PETITIONER,

                                                              Index No.: L&T 313518-23
        -   against  -                                        **DECISION/ORDER**


BALRAM RAMCHAIT
"JOHN DOE" & "JANE DOE"

                    RESPONDENTS.

SUBJECT PREMISES:     85-90 150TH ST., FRONT APT., 1ST
                      JAMAICA, NY 11435

Present:              Hon. David J. Bryan
                      Judge, Housing Court
---------------------------------------------------------------------X
Petitioner is represented by:              Augustin Tella, Esq.

Respondent is represented by:              Queens Legal Services


---------------------------------------------------------------------X

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion.
---------------------------------------------------------------------X
**Papers**
Respondent's Notice of Motion, Affirmation, Exhibits                          1
Petitioner's Affirmation in Opposition, Exhibits                             2
---------------------------------------------------------------------X

        The underlying proceeding is an unregulated holdover wherein the petitioner allegedly terminated the respondent's tenancy on July 10, 2023, by service of a ninety-day notice of Termination.

        Respondent now moves, by their attorney, for an Order dismissing the petition pursuant to CPLR §3211(a)(7). Respondent alleges that the petitioner failed to serve the termination notice before the expiration of the lease term and that the termination date did not coincide with the term. Additionally, they allege the termination notice lacks sufficient detail for termination. In the alternative, they seek leave to file an Amended Answer. Specifically, the respondent argues that since they were a month-to-month tenant whose rent was due on the first of each month, the proper lease term, which renews every month, is from the 1st to the last day of that month rather than the termination date in the notice which was the 10th of the month.

[* 1]

[* 2]

Petitioner opposes the motion in its entirety and argues that the termination notice meets the requirements of RPL §232-a & §226-c in that it gave the requisite amount of time and is unambiguous. They assert that the end of the term in the notice encompasses the requisite ninety-day period.

A monthly tenancy often does not have a defined term codified in writing but involves an oral agreement to pay rent for a monthly term with no defined termination date. The arrangement continues indefinitely until the parties, mutually or otherwise, terminate the tenancy. To determine if there is a specific or implied term, the Court looks at the behavior and practice of the parties as well as their understanding of the agreement. If rent is due on the first of the month, it can be implied that the first is the beginning of the term, and the last day of the month is the end. In this Court's experience, the overwhelming majority of unregulated holdovers adhere to the common term of a calendar month unless the commencement of the tenancy or the payment agreement implies an alternate term.

Here, the respondent alleges the lease term tracked the calendar month since he was obligated to pay rent on the first of each month, establishing the proper tenancy term. The petitioner does not dispute this but argues that the Notice is sufficient if the proper period based on the length of tenancy is given. This Court disagrees with the petitioner. The term is what is understood by the parties to the agreement, oral or otherwise, and the termination of the agreement must adhere to the actual term to satisfy RPL §232-a. Since the petitioner cannot amend the predicate notice, the notice remains defective. *Chinatown Apts. v. Chu Cho Lam*, 51 NY2d 786, 433 NYS2d 86.

Accordingly, the respondent's motion is granted to the extent the petition is dismissed without prejudice based on a defective termination notice.

This constitutes the Decision and Order of the Court.

Dated: January 29, 2024

_____
Hon. David Bryan