**Tyler 679 Prop. LLC v Eng**

2024 NY Slip Op 33401(U)

September 30, 2024

Civil Court of the City of New York, Kings County

Docket Number: Index No. LT-312242-23/K1

Judge: Jason P. Vendzules

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART H
------------------------------------------------------------------ X
TYLER 679 PROPERTY LLC,

        Petitioner-Landlord,                    Index No. LT-312242-23/KI

- against -                                   DECISION/ORDER

MARVIN ENG

EMMA AGUDELO STOOP

        Respondent(s)-Tenant(s)

------------------------------------------------------------------X

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Respondent's Motion, affirmation, affidavit, exhibits | NYSCEF 36-40 |
| Petitioner's opposition and exhibit | NYSCEF 41-42 |
| Respondent's Reply | NYSCEF 43 |

Papers Considered: (NYSCEF Doc. Nos. 1 through 43)

Upon the forgoing cited papers, the Decision/Order in this motion is as follows:

This is a nonpayment proceeding brought by Tyler 679 Property LLC, the owners of 679 Halsey Street, Brooklyn, New York, against Marvin Eng and Emma Agudelo Stoop, allegedly the tenants of Apartment 2-R in that building. It is undisputed that the subject premises is unregulated. The Petition states that the Respondents entered into a written agreement with the landlord to pay $2,140 in rent for use of the subject premises.

Respondent Martin Eng moves to file an amended answer, pursuant to CPLR §3025, and if this relief is granted, respondent moves for summary judgment pursuant to CPLR § 3212 on the basis that the respondent never entered into an agreement to pay $2,140 for use of the subject premises. If respondent is correct and no such agreement was reached, petitioner could not maintain this proceeding since the rent demand served seeks rent well in excess of the $1,000 respondent agreed to pay. *2229 Creston Partners LLC v. Ramos*, 31 Misc.3d 1221[A] at *1 [Civ. Ct., Bronx County 2011] (*citing 542 Holding Corp. v. Prince Fashions, Inc.*, 46 AD3d 309, 310 [1st Dept.2007]. Petitioner opposes the motion, arguing that ERAP payments created an implied contract as the court found in *1781 Riverside LLC v. Shuler* (81 Misc.3d 1240[A] [Civ. Ct. N.Y. County 2024]).

1

[* 1]

For the reasons stated below, the court grants both branches of Respondent's motion. The amended answer is deemed served and filed *nunc pro tunc* and the Petition is dismissed for failure to provide a good faith approximation of the amount owed.

**Respondent's Motion to File an Amended Answer**

Respondent filed a *pro se* answer on May 2, 2023, at the Clerk's office of Kings County Housing Court (NYSCEF Ex. No. 8). The pro se answer only checked the form box for the defense that, "the rent, or a part of the rent, has already been paid to the Petitioner." However, on the subsection labelled "Other" Respondent himself circled the subsection titled and wrote "Pls. see other side (reverse)" *sic*. On the reverse side of the form answer the Respondent details a defense of an improper rent demand and lays out a counterclaim alleging that Respondent is current with his rent and that he is owed money under the alleged expired lease.

Respondent's attorney files a proposed amended answer which details proposes several different defenses including that there was no lease agreement in effect at the time the case was commenced, all the alleged arrears were paid, that the rent demand is not a good faith rent demand, that the Emergency Rental Assistance Program ("ERAP") does not establish a valid contact between the parties, that the rent alleged is not the legal monthly rent, laches, and violations of the warranty of habitability. The proposed answer also interposes several counterclaims on the warrant of habitably, seeking an order to correct, and violations of the prior lease agreement.

Upon reviewing the papers, the Court does not find any surprise or prejudice to Petitioner resulting from any delay in Respondent's motion for leave to amend the answer. Based on the litigation history of this matter, the Petitioner could not have been surprised that this motion was forthcoming, as this was also not the first motion seeking this relief being made and was withdrawn after agreement between the parties. Further, none of the proposed amendments are palpably insufficient or patently without merit, as they either expand upon the allegations made in the pro se answer or delineate further

2

[* 2]

defenses that are a clear demonstration of defenses not known to a unrepresented litigant (*se Post v. County of Suffolk*, 80 AD3d 682, 685 [2011]; *Alatorre v. Hee Ju Chun*, 44 AD3d 596, 596 [2007]).

As such, the branch of the instant motion seeking to interpose the instant proposed amended answer is granted and the answer is deemed served and filed *nunc pro tunc*.

## Respondent's Motion for Summary Judgment

Respondent moves for summary judgment on the First Objection in Point of Law and Second Affirmative Defense contained in his newly amended Answer. Respondent claims that Petitioner is seeking rent in excess of the amount that Respondent agreed to pay. It is uncontested that the last lease executed by Respondent Martin Eng was for "Room 3" in the subject premises and that he agreed to pay $1,000 for use of this space commencing August 1, 2019.[1] Respondent argues that, since the petition and the rent demand are premised on a rental amount of $2,140.00 per month, the rent demand is not a good faith approximation of the amount owed, requiring dismissal. *Dendy v McAlpine*, 27 Misc.3d 138(A) [AT 2d Dept 2010].

Petitioner acknowledged on the record on May 29, 2024, that the parties never entered into a written agreement whereby respondent agreed to pay $2,140 in rent. Petitioner now argues in opposition that the court should apply the rationale found in *1781 Riverside LLC v. Shuler* (81 Misc.3d 1240[A] [Civ. Ct. N.Y. County 2024]) to the facts presented here and infer the existence of an agreement between the parties for respondent to pay $2,140.00 per month in rent. The court finds that the facts presented here are not analogous to those in *1781 Riverside LLC v. Shuler*, and that the rationale presented in that matter is inapplicable to the present circumstances.

*1781 Riverside LLC v. Shuler*, *supra*, concerned a holdover proceeding in which the Petitioner claimed that the Respondent was a licensee. The court found that the tenant's application for ERAP funds and the landlord's acceptance of those funds and constituted an implied lease between the parties, since

---

[1] Respondent annexes a copy of the lease wherein he agreed to pay $1,000 at NYSCEF 14.

[* 3]

the ERAP terms dictated that the Respondent pay rent at a certain amount and remain in occupancy of the premises for a one-year term. The court therefore dismissed the licensee holdover, finding that the Respondent became a month-to-month tenant after the expiration of the implied lease term, and not a licensee as claimed by the petitioner.

A question not addressed by the *1781 Riverside LLC* court, however, is when and how a tenant who applies for ERAP funds reaches a meeting of the minds with the landlord who accepts those funds. Such a meeting of the minds is required for a court to infer the existence of any contract (such as a lease). *Metropolitan Enters. NY v Khan Enter. Constr., Inc.*, 124 A.D.3d 609, 1 N.Y.S.3d 328 [2nd Dep't 2015]. A review of the papers submitted in support of the motion shows that no meeting of the minds was reached between the parties obligating Mr. Eng to pay $2,140.00 in rent or granting Mr. Eng possession of the entirety of Apartment 2-R.

Respondent attaches certified subpoenaed documents from OTDA to his moving papers. (NYSCEF Doc. 40.). These documents show that Mr. Eng submitted and ERAP application #4V4VH to OTDA on August 8, 2021, at 4:49 PM. In his application, Mr. Eng indicated that he was "renting a room from the owner" and made a "Self-Attestation" to OTDA that his rent was $1,000 per month. Mr. Eng listed the landlord as Tyler 679 Property and listed Joseph Aizer as landlord's agent.

On December 8, 2021, Petitioner submitted a ledger to OTDA as required to process Respondent's ERAP application. This ledger indicated that the rent for the entirety of Apartment 2-R was $2,140 per month. OTDA flagged this ledger and, noting that respondent only claimed to rent one bedroom in the unit, treated Mr. Eng's application as an "apartment sharing situation" and approved Mr. Eng's application for rental arrears at a rate of $1,000 per month. (NYSCEF Doc. 40, CSR Summary ERAP (Section 2) - 4V4Vh 12/8/21 entry.) On December 16, 2021, OTDA issued a $7,000 check to Petitioner constituting seven months of Respondent's arrears (for June 2021, July 2021, August 2021, and November 2021, plus three months' prospective rent.) Petitioner deposited this check on March 15, 2022. On July 6, 2022, Respondent was approved for an additional $2,000 in ERAP funds to pay rental arrears for September 2021 and October 2021. Petitioner deposited this check on July 18, 2022. Each of

4

[* 4]

these payments made on behalf of respondent and credited by petitioner assumed a rental amount of $1000 per month, as requested by Mr. Eng in his August 8, 2021, application.

On December 15, 2021, a week after Mr. Eng was approved for the first $7,000 ERAP payment, petitioner's agent Joseph Aizer contacted OTDA appealing the approval, insofar as he believed the amount approved was less that the rental arrears owed. Mr. Aizer claimed that the rental amount for the unit was $2,140. The Appeal Form submitted by petitioner indicates that "[landlord] is renting out the whole apartment to the [tenant] and not by the room. [Tenant] has roommates that have already left. [Tenant] is still responsible to pay the $2,140/month of rent." (NYSCEF Doc. 40, CSR Summary ERAP (Section 2) - 4V4Vh 12/15/21 entry; Appeal Form listing person request appeal as Joseph Aiser [sic].) This was a misrepresentation. There was no basis for petitioner to assert that Mr. Eng had agreed to or owed $2,140 in rent, as Mr. Eng had never agreed to pay that amount, nor had he ever agreed to take possession of more than the room he had previously rented. OTDA, however, approved Petitioner's appeal on October 11, 2022, issuing petitioner a check for an additional $12,840.00 in arrears payments on behalf of Mr. Eng. Petitioner deposited these funds the next day. The certified OTDA records show that the only things submitted for the appeal that supported the increased rent were the attestation of Mr. Aizer and the ledger provided by Petitioner for Apartment 2-R. Mr. Eng did not submit anything to OTDA agreeing that he owed rent at the rate of $2,140 per month or that he in any was had agreed to pay that amount.[2]

From the time Mr. Eng submitted his ERAP application until the final check was issued by OTDA, Mr. Eng maintained that he was renting a single room in Apartment 2-R at a rate of $1,000 per month. It is also clear from the record that Petitioner continually maintained that respondent had rented the entirety of Apartment 2-R at a rate of $2,140 per month. At no point did the parties agree on what exactly was being rented or the amount that it was being rented for. Without agreement on these essential

---

[2] The OTDA documents show Mr. Eng made two other ERAP applications. The first, application (designated V4ABA) was for assistance paying utilities. These funds were not paid to ConEd and not petitioner, so this application is irrelevant to the motion before the court. The second ERAP application (designated 1QQ0A) was denied on November 4, 2022. Since the petitioner did not receive funds in connection to this application, it could not form the basis of an implied lease pursuant to *1781 Riverside LLC v. Shuler*, *supra*.

terms, there is no basis for the court to infer the existence of a lease between the parties. *May v. Wilcox*, 182 A.D.2d 939 [3rd Dep't 1992]. As such, petitioner's rent demand is defective insofar as it demands more than twice the rent that respondent ever agreed to pay and was therefore not a good faith approximation of the amount owed. *229 Creston Partners LLC v. Ramos*, 31 Misc.3d 1221[A] at *1 [Civ. Ct., Bronx County 2011] (*citing 542 Holding Corp. v. Prince Fashions, Inc.*, 46 AD3d 309, 310 [1st Dept.2007]. Since this defective rent demand is incapable of being cured, the proceeding must be dismissed. *Chinatown Apts. V. Chu Cho Lam*, 51 N.Y.2d 786, 412 N.E.2d 1312, 433 N.Y.S.2d 86 [1980].

The remainder of petitioner's arguments in opposition have been considered and found to be without merit.

**Conclusion**

It is hereby ordered that Respondent's motion is granted in full. The amended answer is deemed served and filed *nunc pro tunc*. Respondent is also granted summary judgment on   pursuant to CPLR §3212. The matter is dismissed.

This constitutes the decision and order of the Court.

So Ordered,
September 30, 2024

Hon. Jason P. Vendzules, J.H.C.

6

[* 6]