## 590-600 One Realty Corp. v Uddin

2024 NY Slip Op 33968(U)

November 7, 2024

Civil Court of the City of New York, Queens County

Docket Number: Index No. L&T 303303/24

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: HOUSING PART B
-------------------------------------------------------------------X
590-600 ONE REALTY CORP,

                                                                    Index No. L&T 303303/24

                              Petitioner,

              -against-                            **DECISION/ORDER**

MOHAMMED NAZER UDDIN, NOOR AYSHA
KHATUN,

                              Respondents.
-------------------------------------------------------------------X
Present:

        Hon. <u>CLINTON J. GUTHRIE</u>
              Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to amend the answer and for summary judgment, and/or dismissing the proceeding pursuant to CPLR § 3212:

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed…………………..…....……...... | 1 (NYSCEF # 7-13) |
| Affirmation in Opposition & All Documents Annexed……………..……….. | 2 (NYSCEF # 14-16) |
| Reply Affirmation……………………………………………....……………... | 3 (NYSCEF # 17) |

Upon the foregoing cited papers, the decision and order on respondent's motion is as follows:

<u>PROCEDURAL HISTORY</u>

        This summary nonpayment proceeding was filed in February 2024. Respondent Noor Khatun (hereinafter "respondent") filed a pro se answer on April 1, 2024. Thereafter, counsel appeared for respondent and filed the instant motion to amend the answer and for summary judgment and/or dismissal. After opposition and reply papers were submitted, the court heard argument on November 6, 2024 and reserved decision.

1

[* 1]

DISCUSSION/CONCLUSION

While respondent seeks amendment of the answer and summary judgment upon the amendment, at argument, respondent's attorney clarified that the court should first assess respondent's argument that the rent demand is defective. Petitioner opposes the motion in its entirety.

The Appellate Term, Second Department has held that a proper rent demand is a "statutory prerequisite to a nonpayment proceeding" and "must 'set forth the approximate good faith amount of rent owed' and 'fairly apprise the tenant of the periods for which rent is allegedly due and in what amounts.'" *EOM 106-15 217th Corp. v. Severine*, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [quoting *Dendy v. McAlpine*, 27 Misc 3d 138[A], 2010 NY Slip Op 50890[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010] and *Pantigo Professional Ctr., LLC v. Stankevich*, 60 Misc 3d 133[A], 2018 NY Slip Op 51039[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]]; *see also Rochdale Vil., Inc. v. Chadwick*, 73 Misc 3d 131[A], 2021 NY Slip Op 50958[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]. Therefore, as a valid rent demand is a statutory prerequisite and condition precedent for bringing a summary nonpayment proceeding, the court will first address the prong of respondent's motion challenging the sufficiency of the rent demand (*see 1646 Union, LLC v. Simpson*, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2-3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).

Respondent objects to the form and contents of the rent demand herein. The demand states that respondent is required to pay petitioner the sum of $53,676.38 for rent within 14 days or give up possession. Below the amount due in the demand is a notation to "see rider attached." The rider

2

[* 2]

consists of a "tenant profile" dated December 19, 2023 (two days before the date on the demand), which is effectively a rent ledger. The ledger includes miscellaneous tenant information, including the move-in date and the term of the lease. In the "Tenant Notes" column, the first entry is a "total balance due as of 12/19/23" of $54,568.54, which varies from the amount in the demand. The charges thereunder show "apt rent" due from January 2021 through December 2023. Several charges, for late fees and security deposit, are crossed off with what appears to be a marker. The "balances by charge code" under the "Tenant Notes" column shows the rent as $53,676.38, the same as in the breakdown. However, underneath this column are several pages of balances going back to November 2017, which include rent, air conditioner fees, late fees, and security deposit charges. The balance at the end of these pages is $54,568.54. In addition, confoundingly, the rent due as of January 1, 2021 under the "Tenant Notes" column is $834.80 (this is the first amount due in this column), while the breakdown below it shows $23,234.80 due as of the same date.

A rent demand must not prejudice a tenant's ability to "respond to the demand, formulate defenses, and avoid litigation or eviction." (*Severine*, 2019 NY Slip Op 50068[U], *1; *10 Midwood LLC v. Hyacinth*, 2003 NY Slip Op 50789[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). The court finds that petitioner's rent demand did not fairly apprise respondent of the periods of rent allegedly due and in what amounts, and potentially prejudiced respondent's ability to respond, formulate defenses, and avoid litigation. By simply attaching a rider to the rent demand that included contradictory amounts and non-collectible fees and charges (*see* RPAPL § 702(1)), as well as a surfeit of irrelevant information, petitioner did not comply with its obligation to provide a proper rent demand under RPAPL § 711(2) (*see 125 Ct. St., LLC v. Sher*, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). As a defective

3

[* 3]

rent demand cannot be amended (*Chinatown Apts., Inc. v. Chu Cho Lam*, 51 NY2d 786, 787 [1980]; *Sher*, 2018 NY Slip Op 50092[U], *2), petitioner lacks a cause of action herein and the petition must be dismissed (*Simpson*, 2019 NY Slip Op 50089[U], *2; *Sher*, 2018 NY Slip Op 50092[U], *2).

The remaining relief sought in respondent's motion is denied as moot and without prejudice. The parties retain their respective claims and defenses to the extent that they have not been specifically determined herein. The clerk shall issue a judgment dismissing the petition (*see* CPLR § 411). This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: Queens, New York
         November 7, 2024                    _____
                                             HON. CLINTON J. GUTHRIE
                                             J.H.C.

SO ORDERED - HON. CLINTON J. GUTHRIE

[* 4]