# 35 Circuit Rd. LLC v Nikocevic

2024 NY Slip Op 34615(U)

November 12, 2024

City Court of New Rochelle, Westchester County

Docket Number: Index No. LT 710-24

Judge: Jared R. Rice

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER

-------------------------------------------------------------------

35 CIRCUIT ROAD LLC,

                Petitioner-Landlord,

    -against-

INDEX NO.   LT 710-24

DECISION AND ORDER

HUSEINI NIKOCEVIC a/k/a HUSEINJ NIKOCEVIC,
              Respondent-Tenant,

MUJESIRA NIKOCEVIC,

              Respondent.

-------------------------------------------------------------------

| | |
|---|---|
| Daniel Finger, Esq. | Gabrielle Yee, Esq. |
| Finger and Finger, P.C. | Vilma Gamarra, Esq. |
| 158 Grand Street | Hudson Valley Justice Center |
| White Plains, New York 10601 | 19 Court Street, Suite 305 |
| Attorneys for Petitioner | White Plains, New York 10601 |
| | Attorneys for Respondents |

Rice, J.:

        The following papers were read on this motion:

| | |
|---|---|
| Notice of Motion to Intervene and for Summary Judgment, Affidavit and Affirmation in Support, Exhibits A-H | 1-3, 4-11 |
| Notice of Cross-Motion, Affirmation and Affidavit in Opposition of Motion and In Support of Cross-Motion, Exhibits 1-7, Memorandum of Law | 12-14, 15-21, 22 |
| Affirmation in Reply and in Opposition to Cross-Motion, Affidavit in Support of Motion | 23-24, 25-28 |
| Reply Affirmation in Opposition to Motion and in Support of Cross-Motion | 29 |

        This summary holdover proceeding was commenced by petitioner against respondents,[1]

Huseini Nikocevic and Mujesira Nikocevic, on or about May 14, 2024, to recover possession of 35

---

[1] Initially, petitioner commenced the proceeding against respondent Huseini Nikocevic only. Subsequently, petitioner filed an amended petition in this matter to reflect the different spellings of respondent Huseini Nikocevic's name and to include a John/Jane Doe. By stipulation respondents, Huseini Nikocevic and Mujesira Nikocevic, consented to petitioner's amended petition and substitution of Mujesira Nikocevic for Jane Doe without petitioner's concession that respondent Mujesira Nikocevic is a tenant of record. Thus, the Court will not address any filing infirmities regarding the amended petition as moot.

Circuit Road, Apartment # 1H, New Rochelle, New York (the premises), which is subject to the Emergency Tenant Protection Act of 1974. Petitioner terminated respondents' tenancy effective May 10, 2024, due to allegations that respondent Huseini Nikocevic violated his lease and breached a substantial obligation of his tenancy, to wit: that he has sublet the premises to a third party without the permission of the landlord. On the return date of June 20, 2024, Hudson Valley Justice Center (HVJC) appeared on behalf of respondent Mujesira Nikocevic. On July 17, 2024, respondent Mujesira Nikocevic filed an answer, admitting in part and denying in part the allegations in the petition, asserting affirmative defenses that she is a tenant, but she was not served, and that the underlying predicate notice is vague and fatally defective and counterclaims for warranty of habitability and seeks repairs and a rent abatement for lack of repairs. After the parties file their respective motions, respondent Huseini Nikocevic appears in the proceeding, and is also represented HVJC.

**Motions**

Respondent filed a motion seeking an order, inter alia: (1) granting respondent's motion to intervene in this proceeding pursuant to CPLR 1012(a)(2) and 1013; (2) granting respondent's motion to dismiss and for summary judgment pursuant to CPLR 3211(a)(1), (2), and (7) and for summary judgment pursuant to CPLR 3212 as the combined predicate notice is fatally defective; and (3) granting respondent such other relief, including the award of attorney's fees and costs, as this Court deems just and proper.

Petitioner filed a cross motion seeking an order (1) denying respondent's motion in its entirety; (2) granting a default judgment of possession and a warrant of eviction against respondent Huseni Nikocevic; (3) granting petitioner discovery in this matter, if petitioner's request for a default judgment and warrant of eviction is denied; and (4) granting such other and further relief

–2–

as this Court deems just and proper.

## Motion to Intervene

Respondents' motion to intervene is resolved by the stipulation of the parties whereby respondents consented to petitioner's amended petition and substitution of Mujesira Nikocevic for Jane Doe without petitioner's concession that respondent Mujesira Nikocevic is a tenant of record.

## Motion to Dismiss and for Summary Judgment

Respondents moves for summary judgment on CPLR 3211(a) grounds. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The party "opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact . . . mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980).

"In the context of a CPLR 3211 motion to dismiss, the pleadings are necessarily afforded a liberal construction" and petitioner is accorded "the benefit of every possible favorable inference" (*Goshen v Mut. Life Ins. Co.*, 98 NY2d 314, 326 [2002] [citing *Leon v Martinez*, 84 NY2d 83, 88 [1994]; see also CPLR 3026). A CPLR 3211 (a) (1) motion to dismiss on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence conclusively establishes a defense to the asserted claims as a matter of law (*id.*; see also, *Roth v Goldman*, 254 AD2d 405 [2d Dept 1998]). A court's sole inquiry in a CPLR 3211 (a) (7) motion, accepting the facts as alleged in the counterclaim as true according plaintiff "the benefit of every possible favorable inference, and determine only whether the facts alleged in the pleading

–3–

fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).

## The Combined Predicate Notice

Petitioner served respondent Huseni Nikocevic with a combined notice of termination of lease and tenancy including notice to cure (the combined predicate notice)[2] by conspicuous service on April 3, 2024 (Yee affirmation, respondent's exhibit E). The combined predicate notice advised respondent Huseni Nikocevic that he is in breach and default of his lease and had until April 30, 2024, to cure said breach (*id.*). The combined predicate notice states in relevant part:

> Please take further notice that you are in breach of the following provisions of your lease:
> ***12. Assignment and sublease: Tenant must not assign all or part of this lease or sublet all or part of the Apartment or permit any other to use the Apartment.
>
> Please take further notice that you are in breach of the aforementioned provisions of your lease in that you:
> ***a. You are not presently residing in the Premises and a third party is residing in the Premises; and/or
> b. You permitted, suffered, and allowed a third party to reside in the Premises in your absence; and/or
> c. The Lessor has not agreed, consented, or permitted to a third party residing in the Premises; and/or
> d. You have sublet the Premises to said third party without the agreement, consent, or permission of the Landlord; and/or
> e. You have assigned the lease without the agreement, consent, or permission of the Landlord. (*Id.*).

The combined predicate notice further advised respondent that if he failed to cure by the cure date, his lease is terminated as of May 10, 2024 (*id.*).

It is well settled that a predicate notice must allege a legal basis for petitioner's claim and set forth sufficient facts to support that claim as a predicate notice cannot be amended (*Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786 [1980]). The standard for determining the sufficiency of a

---

[2] As Emergency Tenant Protection Regulations apply to respondent's tenancy, the combined notice utilized in the instant proceeding is permitted (9 NYCRR 2504.3[c][2]).

–4–

predicate notice is one of "reasonableness in view of all attendant circumstances" (*Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 17 [1st Dept 1996]).

A predicate notice is sufficient when its "fact-specific allegations, if proven, are sufficient to establish that tenant" is engaging in the proscribed conduct" (*323 3rd St. LLC v Ortiz*, 13 Misc 3d 141(A), *2 [App Term 2d & 11th Jud Dists 2006]). While "there is no absolute requirement that a predicate notice contain dates and time of incidents alleged, and that a failure to include those specifics does not mean that the notice will be deemed defective as a matter of law, the failure to include dates and time and other specifics is still a relevant consideration (*297 Lenox Realty Co. v Babel*, 19 Misc 3d 1145[A], *2, citing *City of New York v Valera*, 216 AD2d 237 [1995]). Thus, the predicate notice must include a specification of the facts necessary to establish the existence of the wrongful act, so that the tenant initially may be afforded the opportunity to cure the wrongful act, if in fact it occurred, as well as to allow the tenant to prepare a defense to the fact of the occurrence at a trial of the petition (see *Domen Holding Co. v Aranovich*, 1 NY3d 117 (2003); *Chinatown Apts.*, 51 NY2d 786); *Hughes*, 226 AD2d 4; *323 3rd St. LLC*, 13 Misc 3d 141[A]).

The Appellate Term Second Department upheld the dismissal of an illegal sublet holdover, with similar facts to the instant proceeding, where the landlord alleged the tenant of record was illegally subletting the apartment to her son (*888 E. 96th St., LLC v Hargrove*, 61 Misc 3d 137[A] [App Term, 2d Dept 2018]). Moreover, the Appellate Term also noted that the petition was properly dismissed because "the landlord's predicate notice failed to allege facts showing that any type of contractual agreement existed between the tenant and [her son]" which "would support landlord's claim that [the son's] occupancy constituted a sublet (*3)."

After a careful review of the combined predicate notice in this case, the Court finds that the predicate notice (Yee affirmation, respondent's exhibit E), is defective.

When reviewing the combined predicate notice in light of the Appellate Term Second Department decision in *Hargrove*, 61 Misc 3d 137[A], there can be no doubt the combined predicate notice fails to set forth sufficient facts to support petitioner's allegations that respondent Huesini Nikocevic is illegally subletting the premises. Specifically, the Court also finds that the combined predicate notice herein contains no facts to support the landlord's allegations of an illegal sublet (Yee affirmation, respondent's exhibit E). The combined predicate notice advises the tenant, inter alia, that he is in breach of section 12 of his lease regarding assignment and sublease. (*id.*). However, the combined notice does not provide any fact specific allegations necessary to establish the existence of the landlord's allegations that respondent Huesini Nikocevic is subletting the premises.

Accordingly, the combined predicate notice in this case is defective; thus, the petition herein is defective for failure to state the facts upon which the proceeding is based.

## Conclusion

Based on the foregoing, the respondent's motion to dismiss pursuant to CPLR 3211(a)(1), (2), and (7) and CPLR 3212 is granted, and the petition is dismissed.

The Court need not address the other issues raised by the parties as moot.

This constitutes the Decision and Order of the Court.

Dated: New Rochelle, New York
      November 12, 2024

                                                  Hon. Jared R. Rice
                                                  City Court Judge