Latchmin & Singh Realty LLC v Singh (2025 NY Slip Op 51776(U))

[*1]

Latchmin & Singh Realty LLC v Singh

2025 NY Slip Op 51776(U)

Decided on November 6, 2025

Civil Court Of The City Of New York, Queens County

Thermos, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 6, 2025
Civil Court of the City of New York, Queens County

Latchmin & Singh Realty LLC, Petitioner,

against
Charerbesal Singh and Haimwantee Singh, Respondent, 
 "JOHN DOE" AND "JANE DOE", Respondent-Undertenant.

Index No. 312969-24

Joseph A. Altman, Esq.
Attorney for Petitioner
Richard G. Johnson, Esq.
Attorney for Respondent

Kimon C. Thermos, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of the instant moving papers:
Papers Numbered
Respondent's Order to Show Cause, Affidavits and exhibits (NYSCEF #12-24) 1
Petitioner's Opposition (NYSCEF #28) 2
Upon the foregoing cited papers, the Decision/Order on Petitioner's motion to amend the termination notice and pleadings is as follows:
This is a licensee holdover proceeding seeking possession of premises located at 90-77 198th Street, Apt. No. 2nd Floor plus attic, Hollis, NY 11423 (the "Subject Premises"). Prior to commencing this proceeding, Petitioner served Respondent with a 10 Day Notice to Quit pursuant to RPAPL §713(7). The Petition pleads that the premises are a duly registered multiple dwelling that is not subject to rent regulation based on the premises containing less than six units after August 1, 1970. 
Counsel appeared for both named Respondents on March 14, 2025. The parties entered into a two-attorney stipulation whereby traverse was waived, and Respondent was to file an answer and/or motion by April 30, 2025. No answer or motion was filed and the case was transferred to Part X for assignment to a trial part. The Transfer Order stated: "answer by 5/28 otherwise deemed general denial." No answer was filed by May 28, 2025. The case was assigned to Part O. The proceeding was adjourned several times based on stipulations providing for both sides to file Orders to Show Cause ("OSC") to amend the respective pleadings. The last stipulation dated July 17, 2025 stated that OSCs to be filed by August 2, 2025 and the proceeding to be adjourned to August 15, 2025. Neither side filed an OSC by August 2, 2025. However, Petitioner filed an OSC to amend its Petition on August 11, 2025. On August 15, 2025, the parties entered into another stipulation whereby: 1) the case was adjourned to October 2, 2025: 2) Respondent to file opposition to Petitioner's motion and a cross/motion by September 8, 2025; and 3) Petitioner to file opposition to cross-motion by September 29, 2025. On October 1, 2025, Respondent filed opposition to Petitioner's OSC. Respondent did not, however, file a cross motion to file an amended answer.
Petitioner's OSC seeks to amend its predicate notice and its Petition to include the Good Cause Eviction Law ("GCEL") notice required by RPL §231-c. Respondent's sole argument in opposition is that predicate notices are not amendable. Chinatown Apartments, Inc. v. Chu Cho Lam, 51 NY2d 786, 789 (1980). While Respondent is correct that predicate notices are not amendable, that is not relevant to this proceeding. GCEL was passed on April 20, 2024. The statute was effective immediately, but the provisions of the statute which provided that the GCEL notice must be attached to a termination notice did not go into effect until August 18, 2024. The termination notice in this case was dated July 19, 2024 and served on July 25, 2024. Therefore, the requirement that a GCEL notice be attached to a termination notice does not apply in this case as that portion of the statute had not yet gone into effect.
More generally, a GCEL notice is not required at all in this case. RPL §231-c(1) provides: "A landlord as defined in subdivision two of section two hundred eleven of this chapter shall append to or incorporate into any initial lease, renewal lease, notice required pursuant to paragraph (a) of subdivision one of section two hundred twenty-six-c of this article, notice required pursuant to subdivision two of section seven hundred eleven of the real property actions and proceedings law, or petition pursuant to section seven hundred forty one of the real property actions and proceedings law, the following notice " The rest of RPL §231-c provides the text of the notice to be appended or incorporated. Under RPL §231-c, only notices required by RPL §226(c) or RPAPL §711(2) need to have the GCEL notice. This case was brought under RPAPL §713(7) where Petitioner alleges that Respondent is a licensee and thus there is no landlord-tenant relationship between the parties. Thus, Petitioner was not required to append/incorporate a GCEL notice to the predicate notice in this case even if that portion of the statute had been in effect at the time the predicate notice was served.
Further, RPL §231-c expressly states that "a landlord as defined in subdivision two of section two hundred eleven of this chapter shall append to or incorporate " RPL §211(2) states: "The term 'landlord' as used in this article shall mean any fee owner, lessor, sublessor, assignor, court appointed receiver, or any other person or entity receiving or entitled to receive rent for the occupancy of any housing accommodation or an agent of any of the foregoing." In this proceeding, Petitioner is a fee owner of the property but is not "receiving or entitled to receive rent" for the occupancy of the Subject Premises from Respondent. Therefore, Petitioner [*2]is not a landlord for purpose of GCEL and thus does not have to append to or incorporate the GCEL notice to any predicate notice or the petition in this case.
In Mango v. Muscat, the respondent was a tenant at will. 232 N.Y.S.3d 723 (Dist. Ct., Suffolk Cty. 2025). The petitioner in that case did not serve a GCEL notice. The court found it was not necessary because the petitioner was not "receiving or entitled to receive rent" and thus not a landlord for purposes of GCEL. 
The GCEL notice does not have any place for a petitioner to check off that GCEL does not apply because there is no landlord/tenant relationship between the parties. If the legislature intended for the GCEL notice be appended/incorporated in situations, such as this, where petitioner is not a landlord and respondent is not a tenant, then the GCEL notice would have had somewhere for the petitioner to note such exemption as RPL §215 indicates that good cause is only required where a landlord is attempting to remove a tenant from a covered housing accommodation. This supports the determination in Muscat that a GCEL notice is not required when there is no landlord/tenant relationship between the parties.
Petitioner has pled that the parties had a licensor/licensee relationship, thus a GCEL notice is not required in this proceeding. Given that, Petitioner's motion to amend the termination notice and the petition is denied as moot. Proceeding is hereby restored to the calendar and adjourned to December 12, 2025 at 11am for trial in Part O, Room 202. 
This constitutes the Decision and Order of the Court.
Dated: November 6, 2025
Queens, New York
Hon. Kimon C. Thermos, JHC