Moniaci v Kelly (2021 NY Slip Op 50884(U))

[*1]

Moniaci v Kelly

2021 NY Slip Op 50884(U) [73 Misc 3d 127(A)]

Decided on September 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-772 S C

Nicole Moniaci, Respondent,
against
Robert Kelly, Appellant. 

Nassau/Suffolk Legal Services, (William Stuber of counsel), for appellant.
Nicole Moniaci, respondent pro se (no brief filed).

Appeal from a final judgment of the District Court of Suffolk County, Sixth District (James
P. Flanagan, J.), entered March 5, 2020. The final judgment, entered pursuant to a decision of
that court dated February 10, 2020, after a nonjury trial, awarded landlord possession and the
sum of $5,600 in a nonpayment summary proceeding.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
February 10, 2020 is deemed a premature notice of appeal from the final judgment entered March
5, 2020 (see CPLR 5520 [c]); and it is further,
ORDERED that the final judgment is affirmed, without costs.
In this nonpayment proceeding, the predicate notice alleged that $4,000 in rent was due at a
rate of $800 per month for five months, August 2019 through December 2019, and that an
additional $930 was due as a result of "prior partial payment." Consequently, the total amount of
rent arrears upon which the proceeding was based was $4,930. During the course of a nonjury
trial, landlord "withdrew" the portion of the petition based on the purported $930 in arrears.
Following the trial, the District Court awarded landlord possession and the sum of $5,600,
representing seven months' rent, including January and February 2020, and a final judgment was
entered on March 5, 2020. 
A proper rent demand is a statutory prerequisite for a nonpayment proceeding (see
[*2]RPAPL 711 [2]) and an element of a landlord's prima facie
case (see Community Hous. Innovations, Inc. v Franklin, 14 Misc 3d 141[A], 2007 NY
Slip Op 50050[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). A rent notice must
"set forth the approximate good faith amount of rent owed" (Dendy v McAlpine, 27 Misc 3d 138[A], 2010 NY Slip Op
50890[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see 542 Holding Corp. v Prince Fashions,
Inc., 46 AD3d 309 [2007]) and "fairly apprise the tenant of the periods for which rent is
allegedly due and in what amounts" (Pantigo Professional Ctr., LLC v Stankevich, 60 Misc 3d 133[A],
2018 NY Slip Op 51039[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see 10
Midwood LLC v Hyacinth, 2003 NY Slip Op 50789[U], *1 [App Term, 2d Dept, 2d &
11th Jud Dists 2003]). Here, the rent demand fairly apprised tenant that $4,000, representing five
months' rent at a monthly rate of $800, was due (see 10 Midwood LLC v Hyacinth, 2003
NY Slip Op 50789[U]) and, under the circumstances presented,the additional lump sum was not
a substantial amount rendering the rent demand fatally defective (see generally 2691 Hylan Blvd. LLC v
Staten Is. Univ. Hosp., 8 Misc 3d 133[A], 2005 NY Slip Op 51158[U] [App Term, 2d
Dept, 2d & 11th Jud Dists 2005]).
Accordingly, the final judgment is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2021