Martens v Bolt (2025 NY Slip Op 50516(U))

[*1]

Martens v Bolt

2025 NY Slip Op 50516(U)

Decided on March 28, 2025

District Court Of Suffolk County, Third District 

Black-Kelly, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
District Court of Suffolk County, Third District 

Hilde Martens, Petitioner

against
Andrew Bolt, "JOHN DOE," "JANE DOE", Respondents

Index No. LT-000435-24HU 

 

Bronwyn M. Black-Kelly, J.

Upon the following papers numbered 1 to 10 read on this motion by respondents to dismiss the petition
Notice of Motion and supporting affirmation 1,2,3;
Affirmation in opposition 4;
Affirmation in reply 5;
Filed papers Petition 6;
Other File jacket markings 7
Exhibits 8,9,10;
(and after hearing counsel in support of and opposed to the motion) it is,
ORDERED that this motion is granted. In this landlord tenant summary nonpayment proceeding to recover residential premises (RPAPL § 711[2]), respondents seek summary judgment dismissing the petition on the ground of failure to state a cause of action (see CPLR 3211[a]7]), among other grounds.
Respondents support their motion with petitioner's 14-day written notice demanding rent, service of which is a condition precedent to a summary nonpayment proceeding (see RPAPL § 711[2]). The notice is from petitioner's attorneys and reads, in pertinent part, "Unless you have vacated and surrendered possession of the premises by 9:00 a.m. on December 9, 2024...or we have not received the above demanded rent by that date, 9:00 a.m. on December 9, 2024, we have been instructed to commence immediate summary dispossess proceedings." The parties agree that service of the rent demand occurred on November 25, 2024.
The method for counting days is set out in General Construction Law § 20. The statute reads in part, "[a] number of days specified as a period from a certain day...after...which an act is [*2]authorized...to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made"[emphasis added]). "Calendar day" includes "the time from midnight to midnight" (Gen Constr L § 19). 
Applying these statutes to the rent notice under review here, the day from which the reckoning is to be made is the day of service of the notice demanding the rent. Respondents had fourteen days from that day either to pay the rent or vacate the premises. The calendar day of service itself is excluded from the reckoning. 
The first day of the 14-day period was November 26, 2024 the day after service of the notice, and the last day was December 9, 2024. Because the type of day is a calendar day as defined in General Construction Law § 19, the minimum period for respondents to either vacate the premises or make payment of the rent petitioner demanded should have been from midnight November 26 through midnight December 9. Petitioner in her notice did not provide respondents with the required minimum number of calendar days to which they were entitled, specifying they had to vacate or pay by 9:00 a.m. on December 9.
Petitioner's notice did not provide respondents with a full fourteen calendar days' notice. It is defective. As for the consequences of a defective rent demand, the Appellate Term for the Ninth and Tenth Judicial Districts has ruled
a proper rent demand is a statutory prerequisite for a nonpayment proceeding (see RPAPL § 771[2]) and an element of a landlord's prima facie case [citation omitted] (Moniaci v. Kelly, 73 Misc 3d 127[A], 2021 NY Slip Op 50884 [U][App Tm, 2d Dept, 9th & 10th Jud Dists 2021]).
Without a proper rent demand, an element of a nonpayment proceeding cannot be established. The petition must be, and is, dismissed for failure to state a cause of action (see Gottesman Family Properties, LLC v. Medi-System Renal Care Management Services, LLC, 55 Misce3d 147[A], 2017 NY Slip Op 50690[U][App Tm, 2d, 11th & 13th Jud Dists, 2017]). 
Dated: March 28, 2025
Bronwyn M. Black-Kelly, J.D.C. #128