Boatswain v Willis (2025 NY Slip Op 50502(U))

[*1]

Boatswain v Willis

2025 NY Slip Op 50502(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2023-1212 K C

Keisha Boatswain, Appellant,
against
Naquanna Willis, Respondent, John Doe, Undertenant. 

Alter and Barbaro, Esqs. (Bernard M. Alter of counsel), for appellant.
New York Legal Assistance Group (Anna Belkin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Tashanna Golden, J.), dated October 4, 2023. The order, insofar as appealed from as limited by the brief, granted tenant's motion to dismiss the petition in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, the petition alleges that tenant owed rental arrears in the principal sum of $37,750, representing monthly rent of $2,000 for the months of September 2021 through February 2023, plus a $1,750 balance for the month of August 2021. Annexed to the petition was a copy of a rent demand dated January 17, 2023 and served on January 23, 2023, which stated that tenant owed rental arrears of $35,750, representing monthly rent of $2,000 from September 2021 through January 2023, plus a $1,750 balance for August 2021. Tenant answered and, thereafter, moved for leave to amend her answer (see CPLR 3025 [b]) and, upon such leave being granted, to dismiss the petition. The basis for the motion was that the rent demand was defective because it included rent that had already been paid through the COVID-19 Emergency Rental Assistance Program of 2021 (ERAP) prior to service of the demand.
In support of her motion, tenant submitted the ERAP award letter addressed to tenant, dated November 24, 2022, indicating that her application had been approved and that the sum of $30,000 would be paid to landlord, representing rental arrears from November 2021 through October 2022, plus prospective rental payments from November 2022 through January 2023, at $2,000 per month. The letter also advised that landlord received a similar letter via email [*2]notifying her of the approval of tenant's application and the scheduled ERAP payment. Landlord's opposition acknowledged receipt of the ERAP payment, and that the document submitted by tenant was the "ERAP award," but disputed tenant's contention that the rent demand was defective since landlord had complied with the ERAP award letter by "appl[ying] the ERAP award to past due rent under the first in, first out, rule of accounting." By order dated October 4, 2023, the Civil Court (Tashanna Golden, J.) granted tenant's motion in its entirety and dismissed the petition on the ground that the rent demand was defective because it included 15 months of rent that had already been paid through ERAP prior to the service of the rent demand. Further, the Civil Court found that the "first in, first out, rule of accounting" was inapplicable because the ERAP payment was earmarked. As limited by the brief, landlord appeals from so much of the order as dismissed the petition. 
A proper rent demand is a statutory prerequisite to a nonpayment proceeding (see RPAPL 711 [2]) and an element of a landlord's prima facie case (see Moniaci v Kelly, 73 Misc 3d 127[A], 2021 NY Slip Op 50884[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Further, a rent notice must "set forth the approximate good faith amount of rent owed" (Dendy v McAlpine, 27 Misc 3d 138[A], 2010 NY Slip Op 50890[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U]) and "fairly apprise the tenant of the periods for which rent is allegedly due and in what amounts" (Pantigo Professional Ctr., LLC v Stankevich, 60 Misc 3d 133[A], 2018 NY Slip Op 51039[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U]). "Moreover, it is well settled that, in asserting the amount of rent owed for each period, a landlord must apply the payments that it accepted to the months for which they were earmarked" (EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U], *1). 
Here, the rent demand was defective because landlord did not apply the ERAP payment to the period for which it was earmarked (see EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U]). As the rent demand included 15 months of rent that had already been paid prior to the service of the demand, it failed to "set forth the approximate good faith amount of rent owed" (Dendy v McAlpine, 2010 NY Slip Op 50890[U], *2; see EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U]) or "fairly apprise the tenant of the periods for which rent is allegedly due and in what amounts" (Pantigo Professional Ctr., LLC v Stankevich, 2018 NY Slip Op 51039[U], *1; see EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U]). As the rent demand may not be amended (see Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787-788 [1980]; EOM 106-15 217th Corp. v Severine, 2019 NY Slip Op 50068[U]), the Civil Court properly dismissed the petition.
Accordingly, the order, insofar as appealed from, is affirmed.
BUGGS, J.P., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025